Spalding, J.
We have examined the declaration filed in the court below, and are satisfied that it i# sufficient, in all respects, to sustain the action.
The second assignment, embracing, as it does, the consideration of sixteen distinct propositions, in the nature of objections to the proceedings in the common pleas, could not be disposed of so readily, if counsel for plaintiff in error had not, in his argument, confined his attention to the following inquiries, which he probably deems the only questions in the case:
*245 1st. Was the defendant in default by not pleading before the plaintiff had complied with a rule requiring him to give securi ty for costs ?
2d. If in default, had the court a right to shut out the plea of the statute of limitations ?
It appears that the plaintiff below was a non-resident. The writ, issued April 26, 1847, was served and returned without an indorser for costs. On the third day of May, 1847, the plaintiff was ruled to give security for costs in ninety days. On the 25th day of May, the following indorsement was made on the writ:
“ I acknowledge myself security for costs in this case.
“J. Leister.”
On the 24th day of May, 1847, the plaintiff filed his declaration. On the 22d day of July, and after the day for pleading, according to the rules of court, had passed by, the defendant filed his demurrer to the first count in plaintiff’s declaration, and three special pleas of the statute of limitations; one setting up a bar of six years, and the two others claiming that suit was not commenced within four years from the day on which letters testamentary issued to defendant.
At the August term, 1847, the court, on motion, struck off the demurrer and pleas thus filed by defendant, but permitted him to plead the general issue, and that only.
As to the first proposition, we are of opinion that the 'failure of plaintiff to enter bail for costs, would furnish no sufficient excuse to the defendant for failing to plead within the rule. To hold otherwise would be in effect to rule, that the violation of an order of court by one party, would justify the violation of another and different rule by the opposite party; and, when carried out, would lead a court into inextricable difficulty.
The only safe course is, for the courts to require a strict compliance with their rules and orders by all parties.
In the case under consideration, the defendant should have interposed his plea within the time limited by the rules of the court of common pleas of Logan county. If the plaintiff had *246 failed, for more than ninety days, to enter bail for costs, he would have been turned out of court, on the motion of defendant.
The expense or inconvenience attending the filing of a plea, is a suggestion not worthy of serious consideration.
But in this case, it seems the plaintiff did procure a responsible free-holder in the county, to indorse the writ for costs, before the rule for pleading had expired.
It is only objected that a bond was not taken, for it is claimed that an indorsement of the writ, after service, was not a compliance with the rule.
This court has never yet decided that an indorsement of the writ, after service, did not bind the surety for the costs of suit. On the contrary, it was diréctly decided on the circuit, in Noble v. Markly et al. (Wright’s Rep. 177), that such an indorsement was obligatory.
The same case was subsequently brought into bank, where it was decided that the remedy was not by scire facias, on that indorsement, as it formed no part of the record.
But Judge Wood, in giving the opinion of the court, adds, “We do not say that such an indorsement is not a contract, which would obligate the indorsers to pay the costs.” 6 Ohio Rep. 428.
Eor the convenience of the profession we shall hold, that an indorsement of the writ, after service and return, will bind the surety for the costs; and if the order for such indorsement be entered upon the journal, a scire facias may be sustained against such surety.'
The default of the defendant being established, it only remains to inquire, was it error in the common pleas to refuse to him the privilege of interposing a plea of the statute of limitations ?
This is not a plea to the merits, and consequently is not ordinarily received after the rule day. See Sheets v. Baldwin’s Adm’rs, 12 Ohio Rep. 120, and numerous authorities therein cited.
*247 The court say, in that case, that “ the authorities show a concurrent course of decisions, in the English and American courts, that after the expiration of the rule day, or when the issue is closed, or a party is in default, the plea of the statute-of limitations ought not to be permitted; that it is a strict legal defense, and which a party may, and must, at his peril, see that he pleads in time, or its benefits to him are lost.”
We are unable to take any distinction, in principle, between the administrator’s bar of four years, and the general limitation of actions.
Extraordinary circumstances will often demand a relaxation of the rule in both cases, and perhaps oftener in the case of executors and administrators than in any other.
The whole matter rests in the sound discretion of the court in which the pleas are to be entered, and we have no fear that this discretion will be abused. We are satisfied that it has not been in the present case.

Judgment affirmed.