HOOD, Respondent, v. SIOUX STEEL CO., Appellant

(287 N. W. 636.)

(File No. 8255.   Opinion filed October 3, 1939.)

Rehearing Denied November 2, 1939.

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Bottum,** of Sioux Falls, for Respondent.

RUDOLPH, J. The plaintiff in this action seeks to recover certain commissions which he alleges are due him from the defendant. The material facts are undisputed and are, as follows: Plaintiff commenced his work for the defendant during the year 1934. In 1935 the parties entered into a written contract. Under this contract it was agreed that plaintiff should act as a salesman for the defendant and spend his entire time at such work. Plaintiff was working upon a commission basis. The contract provides in Paragraph Two: "In consideration of the entire time of the Party of the First Part (plaintiff) being spent exclusively in selling merchandise manufactured and jobbed by Party of the Second Part (defendant), Party of the Second Part shall credit the Commission Account of the Party of the First Part for all merchandise sold to dealers called on within a period of thirty days before order was received." A similar contract containing this same paragraph two was entered into between the parties in 1936 and again in 1937. For reasons immaterial here, the relationship existing between the defendant and the plaintiff was terminated on October 27th, 1937. The contracts referred to contained certain provisions whereby one-half of all long distance calls or collect telegrams made from the plaintiff's territory should be charged to his commission account; and the further provisions, "All losses because of failure to pay on the part of the customer shall be charged to the Commission Account of the Party of the First Part to the extent of the amount of commission credited to that Commission Account." There were other provisions of the contracts relating to the deduction of freight allowances in figuring plaintiff's commission; and also the provision, "Commissions do not become due until merchandise applying has been paid for in full." The evidence further discloses that at the beginning of the relationship between plaintiff and defendant, plaintiff would examine the company's books and ascertain the amount of commissions due him under the contract. Thereafter and sometime in 1935, the defendant established in its business a system whereby it rendered to the plaintiff monthly statements. These monthly accounts would show the amount

of commissions with which defendant had credited plaintiff during the month covered by the account. In addition, certain chargebacks against plaintiff because of the different provisions of the contract, would be shown on the account. At the end of the year 1934, the account between the parties was settled and paid. On December 31st, 1935, an account was rendered by the defendant to the plaintiff showing that plaintiff's commission account had a credit at that time in the amount of $1,028.08. During the month of January and February, 1936, plaintiff received two checks, one for $717.63, and the other for $310.45, the sum of which equaled the amount of the credit existing in favor of the plaintiff as disclosed by the account rendered him at the end of the year 1935. At the end of the year 1936, plaintiff received from the defendant a statement of his commission account showing at that time plaintiff had a credit in that account in the sum of $759.75. The evidence discloses that in January and February 1937, plaintiff received two checks totaling $740.76, and in addition there was a correction in his account of $1.18, and a $14.17 charge-back against his December account, which payments and items totaled within a few cents the amount as shown by the statement furnished at the·end of 1936 as being credited to the commission account of the plaintiff. During all of this time no charge-back against the commission account of the plaintiff as rendered by the defendant was made because of the failure of the plaintiff to call upon customers within thirty days of the time the order was received, nor was there any such charge-back made during 1937 prior to the time plaintiff was discharged. However, following the discharge of the plaintiff, the defendant charged the commission account of the plaintiff in each instance during the years 1936 and 1937 where plaintiff was credited with a commission and it was shown plaintiff had not called upon the customer within thirty days of the time the order was received. Plaintiff makes no contention here nor did he before the trial court that he called upon these customers within thirty days of the time the order was received and thereby had earned his commissions within the meaning of paragraph two of the contract above set out, but

contends, first, that by its actions the defendant had waived the provisions of paragraph two of the contracts and, second, the defendant is bound by the statements rendered to plaintiff to pay the amount shown as credited to plaintiff's commission account. The trial court sustained plaintiff's contentions and held that the provision of the contract requiring plaintiff to call upon customers within thirty days before the receipt of the order by the defendant has been waived by defendant, and, second, that the monthly statements furnished by defendant to plaintiff constituted an account stated between the parties, and the defendant was bound thereby.

To constitute an account stated the transaction must be understood by the parties as a final adjustment of the respective demand between them and the amount due. The binding force of an account stated will not be given to the mere furnishing of an account which was not with a view of establishing a balance due, or finally adjusting the matters of account between the parties. 1 C. J. S., Account Stated, p. 704, § 25; 1 Am. Jur., Accounts and Accounting, § 16. This court in the early case of D. M. Osborne & Co. v. Stringham, 1 S. D. 406, 47 N. W. 408, 410, said: "To make an account stated, there must be a mutual agreement between the parties as to the allowance or disallowance of their respective claims, and to establish such an account so as to preclude a party from impeaching it, save for fraud or mistake, there must be proof of assent to the account as rendered, either expressed or implied. Two facts are necessary to make one debtor and creditor: There must be a mutual agreement between them as to the allowance and disallowance of their respective claims, and as to the balance struck upon the final adjustment of the whole account and demand of both sides. Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct." The monthly accounts rendered by the defendant to the plaintiff, as indicated by all of the testimony, were always subject to the various provisions of the written contract and did not have the finality necessary to constitute them an account stated.

■■ The record fairly establishes that the relationship between the parties existed upon a yearly basis and a settlement of their account was to be made at the end of each year. New contracts were entered into each year, and, notwithstanding that the 1937 contract was not finally reduced to writing until some time subsequent to January 1, 1937, plaintiff testified it was dated back to January 1, 1937. At the end of each year the defendant furnished plaintiff with a statement of plaintiff's account as it existed at the end of the year, which account, according to the practice of the parties as disclosed by the evidence, was always subject to the charge-backs that defendant was at liberty to make under the terms of the contract in force during the year. At the end of the year 1935 this account was furnished, and the payments made to the plaintiff disclose that for that year he was paid on the basis of this account. In other words, defendant paid the plaintiff commissions in 1935 disregarding paragraph two of the written contract. The same procedure was followed in 1936 and plaintiff was paid commissions for that year on the same basis as in 1935. As we read the record defendant paid plaintiff for these two years without regard to this paragraph two contained in the contract. There is no claim made by defendant that the payment for these two years was made because of duress, fraud or mistake or without complete knowledge of the facts. The record discloses that defendant had all the information that it now possesses at the time these payments were made. We are of the opinion that under these circumstances defendant cannot claim any benefit under paragraph two of the 1935 and 1936 contracts. We doubt whether the inability to claim this benefit should be based upon a doctrine of waiver, and it is not necessary for us to so decide. "It is a well settled general rule that a person cannot, either by way of set-off or counterclaim, or by direct action, recover back money which he has voluntarily paid with a full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed." 48 C. J. 734; C. & J. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911; Evans v. Hughes

County, 3 S. D. 244, 52 N. W. 1062; Id., 3 S. D. 580, 54 N. W. 603.

A different situation is presented under the 1937 contract. Plaintiff was discharged while this contract was still in effect, and there had been no final settlement or payment for the year 1937. The question presented is whether defendant has lost the benefit of this paragraph two of the contract for commissions accruing during 1937. At the outset plaintiff claims that because defendant paid plaintiff without regard to paragraph two of the 1935 and 1936 contracts, the court must find that it intended to pay him in the same manner under the 1937 contract. We think it clear that when this paragraph was again inserted in the 1937 contract, the reliance or lack of reliance upon the like paragraphs contained in the 1935 and 1936 contracts becomes immaterial. Simply because defendant gave plaintiff some benefit to which he was not entitled in 1935 and 1936 does not establish that he will give him a similar benefit under an entirely new contract. There had been no final payment under the 1937 contract and the only basis upon which plaintiff might claim compensation to which he is not entitled under the terms of the written contract, is upon the asserted claim of waiver. But new and primary obligations cannot be created by any doctrine of waiver. As stated by the California court in the case of Conner v. Union Automobile Ins. Co., 122 Cal. App. 105, 9 P. 2d 863, 865, "A 'waiver' is a voluntary abandonment of a known existing right. By means of the doctrine of waiver a contract may not be reformed so as to create a liability for conditions which are specifically excluded by the very terms of the instrument." There is no liability under the written contract which obligates defendant to pay plaintiff except where plaintiff has called upon customers within the thirty day period. To hold defendant liable to pay plaintiff for goods sold in plaintiff's territory to customers not called on by plaintiff within the thirty day period would be to fix a new obligation on defendant and an obligation specifically excluded by the very terms of the written contract. There is no basis upon which an estoppel of defendant to deny such new obligations

might be predicated. True, plaintiff was furnished these monthly statements showing his account credited with commissions, and plaintiff testified that he would not have continued working for defendant unless he believed he would be paid the commissions credited in these monthly statements. However, this testimony is not sufficient upon which to predicate an estoppel. An estoppel arises where, by conduct or acts, a party has been induced to alter his position, or to do that which he would not otherwise have done, to his prejudice. Lehman v. Smith, 40 S. D. 556, 168 N. W. 857. Nowhere in this record is it shown that it was to the prejudice of plaintiff to work for the defendant under the terms of the written contract. The very fact that plaintiff entered into the written contract quite effectively denies any claim that working according to its terms was to his prejudice. These monthly statements professed no finality, they were always subject to the terms of the written contract; they were obviously not intended to constitute a new contract between the parties or to create any new and different obligations than those contained in the written contract. We are of the opinion, therefore, that as against any claim of plaintiff accruing during 1937, the defendant is entitled to assert the rights given it under paragraph two of the contract.

The judgment and order appealed from are reversed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, P. J., not sitting.