LAMBERT, Appellant, v. BRADLEY et al., Respondents

(42 N. W.2d 606)

(File No. 9108. Opinion filed May 8, 1950)

**Sterling & Clark,** Redfield, attorneys for Plaintiff and Appellant.

**Roy T. Bull,** Redfield, attorney for Defendants and Respondents.

ROBERTS, J. Plaintiff brought this action in the usual form to quiet title to a residence property in the city of Conde. The answering defendants are the heirs of Adeline L. Bradley, who died intestate in April 1940. They allege, by way of counterclaim, that decedent was the record owner of the property in question; that the property was offered for sale for the 1934 delinquent taxes and was purchased by Spink county; and that the county claiming title by virtue of a tax deed based upon the tax sale proceedings executed and delivered on July 20, 1942, a quitclaim deed to plaintiff who has since that time been in possession. It is further alleged in substance that the tax deed was void for the reason that there was a fatal defect in the tax proceedings in that no service of notice of intention to take tax deed was made upon the person in possession. Defendants prayed that the title be quieted and confirmed in them. Plaintiff replied to the counterclaim alleging that defendants abandoned all right in the property by reason of the fact that they did not include the same in the probate of the estate of their mother; that plaintiff has been in possession since the transfer of the property to her and has made improvements costing several hundred dollars and that defendants are now estopped from asserting any right or title in the property; that the tax sale proceedings including the issuance of the tax deed were legally and fairly conducted; and that defendants have not been deprived of their property without due process of law.

The court made findings of fact and conclusions of law for defendants and entered judgment quieting title in them conditionally upon payment of the delinquent taxes.

SDC 57.1119 requires the notice of intention to take tax deed to be served upon the "person in possession". The court found that no such notice was served upon Lawrence Herrback who occupied the property in question as tenant from the time of the commencement of the proceedings to procure tax deed to that of its issuance by the county treasurer. Plaintiff contends that service need not have been made because the property was unoccupied. The notice of intention to take tax deed, dated January 29, 1941, recites that "the right of redeeming said property from said tax sale will expire sixty days from the date of the completed service of this notice." An affidavit of completed service was filed by the states attorney with the county treasurer on April 11, 1941. It appears from the evidence that Herrback paid to defendant Glenn R. Bradley rent for this property from January 1, 1941, until the issuance of the tax deed in the month of June following. Herrback testified that he formerly resided with his family in Cresbard, South Dakota; that in January, 1941, and thereafter he was employed in Conde; and that he resided alone in the Bradley house and had no furnishings therein except a cot and stove until the family moved to Conde in the latter part of May and occupied the property.

■ ■ It is argued that Lawrence Herrback used the property in such manner as to give it the appearance of an unoccupied residence; that he was not a "person in possession" within the contemplation of the statute; and that even though he were an occupant defendants could not take advantage of the omission of service upon him. We are not here dealing with a situation where a party had the lawful right to actual possession, but did not exercise such right, and it may then be assumed in the instant case that the possession contemplated by statute is an occupancy in fact, as distinguished from constructive possession. Even though there was only slight indication thereof, the fact nevertheless remains that Herrback was in actual possession and had lawfully entered upon and so occupied the premises

under an agreement with the owners. The statute required the service of notice upon him.

■ Plaintiff points to the fact that she obtained a quitclaim deed to the property from Lawrence Herrback and contends that since service of the notice of intention to take tax deed was served on each of the answering defendants they may not now take advantage of the failure to serve notice on the person in possession. It is well settled by decisions of this court that the giving of notice under the statute herein involved is jurisdictional and a condition precedent to the execution of a tax deed. Cain v. Ehrler, 33 S.D. 536, 146 N.W. 694, on rehearing 36 S.D. 127, 153 N.W. 941; Parker v. Norton, 71 S.D. 506, 26 N.W.2d 453. In 140 A.L.R. 666, discussing a situation such as we have here, is the following conclusion of the writer: "In most jurisdictions, however, the view has been taken that the statutory provisions as to notice to redeem or for the issuance or confirmation of a tax deed are mandatory, and that strict, or at least substantial, compliance therewith is essential to the validity of the tax proceeding. In such jurisdictions, therefore, it is generally held that failure to give due notice to one party entitled thereto may be taken advantage of by another party even though the latter has received due notice." A tax deed is not derived from the fee, but is in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly excepted, and there is no privity between the holder of such a deed and the former owner. Warren v. Blackman, 62 S.D. 26, 250 N.W. 681; Parrish v. Duncan, 72 S.D. 56, 29 N.W.2d 487. It follows that a tax deed cannot be treated as valid as to persons served with statutory notice, but void as to persons who were not served with such notice. Jensen Livestock Co. v. Custer County, 113 Mont. 285, 124 P.2d 1013, 140 A.L.R. 658. The trial court correctly concluded that no title passed to the county.

■ The remaining question is the contention that defendants are estopped from asserting title as against plaintiff. An estoppel arises when, by his conduct or acts, a party intentionally or through culpable neglect induces another to believe certain facts to exist and such other party

rightfully relies and acts on such belief so that he will be prejudiced if the former is permitted to deny the existence of such facts. Lehman v. Smith, 40 S.D. 556, 168 N.W. 857; Hood v. Sioux Steel Co., 67 S.D. 1, 287 N.W. 636. The doctrine is founded on good conscience and fair dealing, being invoked to prevent fraud and injustice. It cannot be said that plaintiff lacked knowledge or the means of knowledge as to the facts. The defect in the title was a matter of public record and the means of knowledge were equally available to the parties. In Nye v. Denny, 18 Ohio St. 246, 98 Am.Dec. 118, the court stated that "mutual ignorance of the invalidity of the tax sale no more affected the conscience of one than the other; and it may be more unconscionable to enforce the invalid tax sale against one party than it would be against the other to set it aside, and leave the parties to their rights as they would then exist." A necessary element of equiptable estoppel is that party invoking it has changed his position in reliance upon the conduct of the party estopped. First Church of Christ, Scientist, v. Revell, 68 S.D. 377, 2 N.W.2d 674.

██ It is settled beyond argument in this jurisdiction that an owner of land may be estopped by his laches from asserting invalidity of a tax title where he fails to pay taxes for an unreasonable length of time and stands by and permits the purchaser at tax sale to make improvement and enhance the value of the property. Kraft v. Corson County, 72 S.D. 396, 34 N.W.2d 838. About the time of the commencement of the present action, in September, 1948, plaintiff entered into a contract to convey the property and the purchaser at his own expense made minor repairs and painted the house. There is no evidence of the making of improvements by plaintiff as to bring this case within the rule of the case cited. We think that the trial court was justified in concluding upon the record before us that defendants were not estopped from attacking the validity of the tax deed.

█ Counsel assert that the failure of the administrator of the estate of the mother to list the property in question as an asset of her estate constituted an abandonment of the property to the county. In Babcock v. McKee, 70 S.D. 442,

18 N.W.2d 750, it was said: "In the absence of acts constituting an estoppel, there must be a clear, unequivocal and decisive act or acts showing an intention to relinquish an existing right." From the mere proof of the fact that the property was not listed it cannot be assumed as a matter of law that there was a voluntary choice not to claim any right in the property or to abandon all right therein.

The judgment appealed from is affirmed.

All the Judges concur.