McQUOWN et al., Respondents, v. FIELD et al., Appellants

(50 N. W.2d 358)

(File No. 9213.   Opinion filed December 3, 1951)

Rehearing denied January 28, 1952

**Bogue & Masten,**, Canton, for Defendants and Appellants.

**Kostboth & Tschetter,** Gettysburg, for Plaintiffs and Respondents.

RUDOLPH, P. J. This is an action to quiet title to certain land in Potter County. The trial court quieted title in the plaintiffs and defendants appeal. For reasons that follow we reverse the judgment.

The land was owned by Erick Field in 1930. The first one-half of the 1930 tax was paid by Field. The land was sold at tax sale for the failure to pay the second half of the 1930 tax. Appellant contends the record shows a payment of this tax for which the land was sold, but in view of our holding on another issue it becomes unnecessary to consider this contention. Mr. Field paid the 1931 and 1932 taxes assessed against this land, but failed to pay taxes thereafter. He died in 1938, and left his widow and seven children surviving, who are named as defendants in this action. The widow was named by the county court of Kingsbury County as the administratrix of the estate. The probate of the estate was completed and the final decree of distribution provided, "that when receipts are presented to this court showing that the provisions of this decree has been complied with that the said administratrix be discharged and her bond vacated." This decree of final distribution was entered and filed with the clerk of the county court on August 27, 1940. Receipts for expenditures by the administratrix showing a compliance with the provisions of the decree were filed on the same date. No formal order discharging the administratrix was entered.

In November of 1940 the county commenced proceedings to take tax deed. The only notice of taking tax deed served upon any of the Fields was a notice directed to "Mrs. Sarah

Field, Administratrix of the estate of Erick R. Field, deceased," and served upon her as such administratrix on November 7, 1940, more than two months after the entry of the final decree above referred to.

██ Upon the death of Erick Field, the owner of record, the title to the real estate vested in the heirs. Carter v. Frahm, 31 S. D. 379, 141 N.W. 370; In re Zech's Estate, 69 S. D. 51, 6 N.W.2d 432; Brekke v. City of Sioux Falls, 72 S. D. 446, 36 N.W.2d 406. Our statute, SDC 57.11·19, provides that if the owner of record upon whom notice to take tax deed shall be served, "is deceased, the notice shall be served on his executor or administrator, * * * if any of such are known to the certificate holder; if none such are so known then the notice shall be served upon such of the heirs, devisees, and legatees of the decedent as are known, in the same manner as if they were owners of record * * *." This statute clearly recognizes the rights of the heirs in the land, and their right to notice of intention to take tax deed. In permitting service upon the executor or administrator a form of substituted service is provided. It appears that the legislature considered notice to the heirs an essential to fair dealing, and was of the further opinion that notice to the executor or administrator would provide such notice. Such would be the fact, under the facts of this case, before the entry of the final decree and distribution of the estate, as the property of the estate was then in the hands of the administratrix subject to the control of the court. But with the entry of the final decree and distribution of the estate the property was released from the control of the court and from further administration. In re Deschamps' Estate, 65 Mont. 207, 212 P. 512. Such also is the effect of the holding of this court in Woodbine Savings Bank v. Yager, 58 S. D. 542, 237 N.W. 761, on rehearing, 61 S. D. 1, 245 N.W. 917.

██ It follows that the final decree having been entered in the Field estate, and the property having been finally distributed the administratrix no longer had any control over the property. The property then belonged to the heirs, and was theirs absolutely. The administratrix had completely passed out of the picture. We do not believe that the legislature intended to permit service upon the ad-

ministratrix as substituted service on the heirs under these circumstances even though no formal order discharging the administratrix had been entered. So far as this estate was concerned the administratrix had completed every detail in the administration of the estate and the entry of an order discharging her was a mere formality. We, therefore, hold that service of the notice to take tax deed upon Mrs. Field as administratrix, was not a compliance with the statute and insufficient to authorize the issuance of the tax deed. This defect in the tax deed proceeding is not barred by the three-year statute of limitations. Cain v. Ehler, 33 S. D. 536, 146 N.W. 694, on rehearing, 36 S. D. 127, 153 N.W. 941; Ulrickson v. Ulrickson, 42 S. D. 225, 173 N.W. 742; Parker v. Norton, 71 S. D. 506, 26 N.W.2d 453.

██ This court held in the case of Lambert v. Bradley, 73 S.D. 316, 42 N.W.2d 606, 609, "* * * that failure to give due notice to one party entitled thereto may be taken advantage of by another party even though the latter has received due notice." Service on Mrs. Field, therefore, in the absence of service upon others entitled thereto was ineffective for any purpose, and Mrs. Field as well as the other heirs of Mr. Field may assert the lack of service.

We find no basis upon which to predicate an estoppel.

The judgment appealed from is reversed.

All the Judges concur.