Patricia J. SWAB, Appellant,

v.

The CEDAR RAPIDS COMMUNITY SCHOOL DISTRICT, a municipal corporation, et al., Appellees.

No. 73–1864.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1974.

Decided April 11, 1974.

Robert C. Nelson, Cedar Rapids, Iowa, for appellant.

David S. Good, Cedar Rapids, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

The primary issue raised by the plaintiff on her timely appeal is whether the hearing procedures required by the Code of Iowa, § 279.13 (1973), and as followed by the defendant school board are sufficient to satisfy the requirements of procedural due process.

Plaintiff was employed as a teacher by defendant Cedar Rapids Community School District from 1947 to 1973. Iowa has no teacher tenure law. The procedure for terminating the contracts of teachers is set out in § 279.13.[1]

---

1. Section 279.13 provides that teachers' contracts shall not be for more than a period of one school year and that existing contracts will be automatically renewed for a like period unless terminated by mutual consent or in accordance with the provisions of the statute reading:

 \*        \*        \*        \*        \*

[T]he board may by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination, by a certified letter mailed to the teacher not later than the tenth day of April; provided, however, that at least ten days prior to mailing of any notice of termination the board or its agent shall inform the teacher in writing that (1) the board is considering termination of said contract and that (2) the teacher shall have the right to a private conference with the board if the teacher files a request therefor with the president or secretary of the board within five days; and if within five days after receipt by the teacher of such written information the teacher files with the president or secretary of the board a written request for a conference and a written statement of specific reasons for considering termination, the board shall, before any notice of termination is mailed, give the teacher written notice of the time and place of such conference and at the request of the teacher, a written statement of specific reasons for considering termination, and shall hold a private conference between the board and teacher and his representative if the teacher appears at such time and place. \* \* \* In event of such termination, it shall take effect at the close of the school year in which the contract is terminated by either of said methods. The teacher shall have the right to protest the action of the board, and to a hearing thereon, by notifying the president or secretary of the board in writing of such protest within twenty days of the receipt by him of the notice to terminate, in which event the board shall hold a public hearing on such protest at the next regular meeting of the board, or at a special meeting called by the president of the board for that purpose, and shall give no-

The procedural due process issue was by the agreement of the parties submitted to the court (Judge McManus) upon facts stipulated by the parties at pretrial conference and upon briefs. Judge McManus found the plaintiff had been accorded procedural due process and provided by his order of September 25, 1973, that unless plaintiff notified the court by October 8, 1973, that she desired to pursue her substantive due process claim the action would be dismissed. No such notice having been given, a final order of dismissal was entered on October 12, 1973.

The trial court recognized that no teacher tenure rights exist in Iowa and held that the termination of a teacher's contract by nonrenewal is permitted only after granting the procedural rights to a conference and a hearing, accompanied by "written statement of specific reasons" as provided by statute. The court specifically found "both the private conference and a public hearing were granted plaintiff pursuant to the statute and the Board substantially followed the requirements of Section 279.13." Such finding is supported by substantial evidence; the parties so stipulated.

The court also based plaintiff's right to procedural due process on federal constitutional grounds. The parties stipulated that plaintiff makes no claim that she was terminated on the basis of race, religion or the exercise of her first amendment rights. Inasmuch as it is clear that § 279.13 provides the plaintiff with procedural due process, we need not and do not reach the issue of whether in the absence of the state statute a teacher must be granted procedural due process upon the termination of her contract. *See* Scheelhaase v. Woodbury Central Community School District, 488 F.2d 237 (8th Cir. 1973).

■ We shall briefly respond to points raised by plaintiff. She contends that she was not advised in sufficient

detail with respect to the cause for her termination and was not advised of the names of witnesses to be used against her and the nature of their testimony. Plaintiff was represented by counsel of her own choosing at both the private conference with the board and at the public hearing. At the private conference plaintiff declined an opportunity afforded her to confront the school principal and his assistant. Plaintiff knew the principal and the assistant were the moving forces in her dismissal. They were the principal witnesses who testified against her at the public hearing. Plaintiff had a full opportunity to cross examine the witnesses testifying against her and to offer witnesses on her own behalf. Plaintiff has made no showing that she was surprised by the witnesses used against her or the testimony they offered. She made no effort to obtain a continuance for the purpose of meeting any testimony offered against her. We agree with the trial court that both the private conference and the public hearing met the requirements of § 279.13 and afforded plaintiff procedural due process.

■ Plaintiff contends the board was biased in that they voted following the private conference to institute proceedings to terminate plaintiff's contract and thus had pre-judged the termination issue before the public hearing. The board by the statute, as a step in the contract termination procedure, was required to determine whether notice of termination of a teacher's contract shall be given. If the teacher requests a public hearing, as she did, a public hearing must be held. At the conclusion of the public hearing, the board is required to vote on the termination of the teacher's contract. All the board did here was to follow the termination procedure prescribed by § 279.13.

In answering a similar contention the Second Circuit in Simard v. Board

---

tice in writing to the teacher of the time of the hearing on the protest. Upon the conclusion of the hearing the board shall determine the question of continuance or discontinuance of the contract by a roll call vote entered in the minutes of the board, and the action of the board shall be final. The foregoing provisions for termination shall not affect the power of the board of directors to discharge a teacher for cause under the provisions of section 279.24.

of Education of Town of Groton, 473 F. 2d 988, 993 (2d Cir. 1972), held:

> The constitutional rule sought here would require that decisions as to teacher competence be surrendered to a body less familar with relevant considerations and not responsible. under state and local law for making such decisions. Moreover, it is unrealistic to require a Connecticut town to provide more than one body to deal with various aspects of school administration. We do not believe that due process, varying as it does with differing factual contexts, requires so much in this case, absent a showing of actual, rather than potential, bias.

We agree with such holding. *See* Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339, 342–43 (8th Cir. 1973).

No personal bias on the part of any member of the school board has here been shown. Plaintiff has failed to demonstrate that she has been denied procedural due process.

Plaintiff, although afforded an opportunity to pursue the issue of substantive due process, elected not to do so and hence such issue is not before us.

The judgment of dismissal is affirmed.