Theodore R. BROUILLETTE,
Jr., Appellant,

v.

BOARD OF DIRECTORS OF MERGED AREA IX, ALIAS EASTERN IOWA COMMUNITY COLLEGE, et al., Appellees.

No. 74–1958.

United States Court of Appeals,
Eighth Circuit.

Submitted June 9, 1975.

Decided July 9, 1975.

Samuel J. Walker, Davenport, Iowa, for appellant.

Robert V. P. Waterman and Charles E. Miller, Davenport, Iowa, for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

The plaintiff, Theodore R. Brouillette, was employed as a teacher by the Eastern Iowa Community College District during the 1971–1972 school year. On March 13, 1972, the Board of Directors notified him of its intent to consider terminating his contract because of several alleged deficiencies in his teaching services. The plaintiff requested a private hearing to contest the proposed termination. A private hearing was held but proved unavailing and plaintiff's teaching contract was terminated. He then requested a public hearing as provided by I.C.A. § 279.13 (1972). A public hearing was held and the decision to terminate plaintiff's contract was reaffirmed. Plaintiff then brought this diversity action alleging (1) he was denied his constitutional right to procedural due process of law and (2) that the public hearing was inadequate under Iowa law. The district court granted summary judgment for the defendant. We affirm.

In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court held that a non-tenured teacher is entitled to procedural due process upon termination only if that termination will deprive him of an interest in property or liberty. Under Iowa law, a non-tenured teacher is hired on a year to year basis. Unless affirmative action is taken to terminate employment, however, teaching contracts are automatically renewed each year. We have recently held that this procedure creates no expectation of continued reemployment and thus, no property interest requiring constitutional protection. *Scheelhaase v. Woodbury Central Community Sch. Dist.*, 488 F.2d 237 (8th Cir. 1973). However, it is recognized that a teacher's interest in liberty is sufficiently affected to invoke the protections of procedural due process when the threatened termination is the result of a charge which will place a stigma upon him and impair his ability to obtain new employ-

ment. *Roth, supra,* 408 U.S. at 573, 92 S.Ct. 2701; *Buhr v. Buffalo Public Sch. Dist.,* 509 F.2d 1196, 1199 (8th Cir. 1974); *see also Freeman v. Gould, Special Sch. Dist.,* 405 F.2d 1153, 1161–67 (8th Cir. 1969) (dissenting opinion). The allegations of inadequacy against the plaintiff were relatively minor, (e. g., tardiness, inability to maintain order, etc.) and not, we believe, of the sort that would seriously impair his ability to obtain future employment. *See Scheelhaase, supra,* at 242. Moreover, the board declined to make them public. *See Buhr, supra,* at 1199. We find no deprivation of liberty here and conclude that plaintiff was not entitled to the protections of procedural due process guaranteed by the Constitution.

Plaintiff's second claim, based upon state law, is premised on the alleged lack of compliance with I.C.A. § 279.13 (1972). Relevant here is that provision of the statute which provides that a teacher whose contract has been terminated may protest the decision at a public hearing. In plaintiff's case, a protest was filed and a hearing was held on May 1, 1975. Plaintiff contends the proceedings were inadequate because he was insufficiently informed of the charges against him and was denied the right to confront his accusers. The board contends and the district court found that the plaintiff was well aware of the allegations against him and the names of those who made them and that although he was represented by counsel at the public hearing and the two individuals chiefly responsible were present, that plaintiff made no attempt to question them but rather sought to refute their charges by offering witnesses who attested to his competency. *Cf. Swab v. Cedar Rapids Community Sch. Dist.,* 494 F.2d 353 (8th Cir. 1974).

Section 279.13 does not set forth any form for the required hearing.

We have acknowledged that the statute was intended to provide non-tenured teachers with procedural due process. *Swab v. Cedar Rapids Community Sch. Dist.,* 494 F.2d 353 (8th Cir. 1974). However, this does not mean a formal trial must be held. In the absence of more specific rules and regulations[1] or until further definition by the Iowa Supreme Court, we deem an informal procedure which meets the minimal requirements of fair play and provides a dismissed teacher with a reasonable opportunity to be heard compliance with the statute. Minimal requirements of due process are generally recognized to be: (1) clear and actual notice of the reasons for termination in sufficient detail to enable him or her to present evidence relating to them; (2) notice of both the names of those who have made allegations against the teacher and the specific nature and factual basis for the charges; (3) a reasonable time and opportunity to present testimony in his or her own defense; and (4) a hearing before an impartial board or tribunal. *Cf. Ferguson v. Thomas,* 430 F.2d 852, 856 (5th Cir. 1970). Both the notice afforded and the opportunity to be heard must be appropriate to the nature of the charges made. *Bell v. Burson,* 402 U.S. 535, 541–42, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

In the present case we are satisfied from the record that the requirements of § 279.13 were sufficiently complied with by the board. Although some of the charges could have been more precise, nevertheless, they were, in view of their nature, specific enough to allow plaintiff to present rebuttal evidence and he did so with the aid of his attorney. Plaintiff knew the names of those persons who had placed the charges against him and, although at the public hearing plaintiff's counsel objected to the vagueness of the charges, at no time did he seek to examine either Dr. Travis or Dr.

---

1. School boards might better serve themselves as well as school personnel if they devised rules and regulations setting out more specifically the rights of the parties and the procedures to be followed under the statute. If they do, of course, such regulations would have to be followed.

Goodell or have them specify the factual basis for the charges nor did he challenge their credibility. Prior to the public hearing there had been a faculty meeting where Dr. Goodell had illuminated his views in the presence of the plaintiff; in addition pursuant to the statute the plaintiff and his attorney met with the board to discuss the charges.

We need not decide whether a teacher has a formal right of confrontation or cross examination under I.C.A. § 279.13 because we find, as did the district court that this right was not denied to the plaintiff.[2] Moreover, we do not view the Iowa statute as requiring an adversary proceeding where school officials are required to formally place witnesses on the stand and assume a burden of proof justifying a teacher's termination. Under § 279.13 we believe that formal charges or accusations may be made by written document as they were here. *Cf. Hanson v. Michigan State Board of Registration*, 253 Mich. 601, 236 N.W. 225, 228 (1931). The fundamental purpose of the statute is to provide a teacher with notice of charges and opportunity to be heard. Both rights were respected here. Where no property or liberty interest is at stake, i. e., a constitutional right or interest being vindicated, we reemphasize our holding in *Scheelhaase, supra*

> that the administration of the internal affairs of the school district before us has not passed by judicial fiat from the local board, where it was lodged by statute, to the Federal court. Such matters as the competence of teachers, and the standards of its measurement are not, without more, matters of constitutional dimensions. They are peculiarly appropriate to state and local administration.

488 F.2d at 243–44.

Judgment affirmed.

---

2. Plaintiff contends the transcript of the public hearing demonstrates that he did attempt to call a hostile witness but she refused to testify and the board acquiesced in her refusal. We have examined this transcript since it was informally offered to the district court. The board chairman did state that all witnesses must appear voluntarily since the board lacked subpoena power. However, we view these proceedings in a different light than plaintiff.

Mrs. Robreau was asked to corroborate a certain point being made by plaintiff in his presentation. Her answer, when asked if she cared to comment was simply: "I'm not on trial; be (sic) an interpretation on my part and I'm not sure that that's—." The matter was dropped since the point in question was said by a board member not to be relevant to the charges made.