SCHNEIDER, Appellant v. McLAUGHLIN IND. SCHOOL DIST. NO. 21, Respondent

(241 N.W.2d 574)

(File No. 11587. Opinion filed April 29, 1976)

A. P. Fuller, Kellar, Kellar, Fuller, Amundson & Furze, Lead, for appellant.

A. N. Buckmeier, Bormann & Buckmeier, Mobridge, for respondent.

WOLLMAN, Justice.

This is an appeal by an elementary school principal whose

contract was not renewed by the respondent school district board (the board). The circuit court upheld the board's action. Appellant contends that if the board's decision is upheld in this case there will no longer be a continuing contract law in existence in South Dakota. We do not share appellant's apocalyptic view of the consequences of the board's action, and we affirm the decision of the circuit court.

Appellant was first hired by respondent in 1964 to fill the position of classroom teacher and elementary school principal. He held this combined position until the 1972-73 school year, when he was given a contract by the board for the position of elementary school principal. This contract was renewed by the board for the 1973-74 school year.

At the board's regular monthly meeting held on March 5, 1974, the following statement, signed by eighteen of the nineteen elementary school teachers in the board's employ, was presented to the board by the superintendent of schools:

"To the Board of Education
McLaughlin, South Dakota

"The following personnel submit to the board of education the following statement:

"We would like to express to the Board of Education our concern of a situation in the elementary school. There seems to be no communication or rapport with our staff and the elementary administration. This leads to a situation which is not conducive to an effective program of education.

"We feel you should be aware of the problem which exists in the school."

This statement had been prepared by Miss Frances Maier, one of the elementary school teachers, following an incident during which appellant angrily shouted at Miss Maier and a fellow teacher in the hallway near the open door to Miss Maier's

classroom and within the hearing of her students. Miss Maier secured the signatures of 18 of the 19 elementary school teachers and then presented the statement to the superintendent of schools.

The members of the board discussed the contents of the statement and reviewed the contents of appellant's personal file with the superintendent of schools, after which the board decided to notify appellant of its intention not to renew his contract for the following year. By letter dated March 8, 1974, the board notified appellant of its intention not to renew appellant's contract for the 1974-75 school year and advised appellant that he was entitled to the benefit of the provisions of SDCL 13-43-9.1.

By letter dated March 15, 1974, the board advised appellant that pursuant to SDCL 13-43-9.1 he was entitled to a review of his personal evaluation file, to written reasons on which the board's decision was based, and to an informal, private conference with the board or superintendent of schools. The letter also advised appellant that the board wanted to meet with him on March 19, 1974. Also by letter dated March 15, 1974, the board notified appellant that:

> "The following are some of the reasons why the Board of Education is not renewing your contract for the coming year 1974-75.
>
> 1. Very poor working relationship with teaching staff.
>
> 2. Non-support of Board of Education and Administration in confrontation with Mr. Straub and Mr. Steinberger in the release in 1973.
>
> 3. Few if any organizational staff meetings held with teachers to discuss feelings and problems within the Elementary School.
>
> 4. Did not provide teachers any feedback on meetings he has attended in the years he has been in McLaughlin."

On March 19, 1974, an informal, private conference was held between appellant and the board.

By letter dated March 20, 1974, the board advised appellant that:

"You are hereby notified pursuant to SDCL 13-43-10 that the board of education of the McLaughlin Independent School District has determined not to renew your contract for the 1974-75 school year.

"You are entitled to the statutory provisions of SDCL 13-43-10.1 governing continuing contract."

By letter dated March 26, 1974, the board advised appellant of the reasons why his contract was not being renewed for the 1974-75 school year. The text of this letter is identical to that of the letter of March 15, 1974, set forth above.

Pursuant to SDCL 13-43-10.1, a formal conference was held between the board and appellant on April 18, 1974. By letter dated April 22, 1974, the board advised appellant that:

"You are hereby notified pursuant to SDCL 13-43-10.1 that the final decision of the Board of Education of the McLaughlin Independent School District #21 is that your employment with the district will be terminated at the end of current contract.

"You are entitled to statutory right of appeal as provided in SDCL 13-46-1."

Thus it appears that the board faithfully complied with all of the requirements of the continuing contract law, SDCL 13-43-9.1, 13-43-10 and 13-43-10.1, and appellant does not contend to the contrary.

Appellant contends that under the continuing contract law he had a property right in and to his contract with the board that entitled him to due process of law in accordance with the prin-

ciples expressed in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581. We need not analyze this claim in depth, however, because we conclude that the provisions of our continuing contract law, cited above, which were faithfully adhered to by the board in the instant case, afforded appellant all of the rights to which he contends he was entitled by virtue of his constitutional right to due process of law. Hensley v. Yankton Ind. School Dist. No. 1, 88 S.D. 670, 227 N.W.2d 441; Brouillette v. Bd. of Directors of Merged Area IX, 8 Cir., 519 F.2d 126; Swab v. Cedar Rapids Community School Dist., 8 Cir., 494 F.2d 353; Scheelhaase v. Woodbury Central Community School Dist., 8 Cir., 488 F.2d 237.

Appellant contends that he was deprived of his due process right to a hearing before a fair and impartial tribunal. To buttress this contention, appellant directs our attention to certain testimony given by witnesses at the trial de novo in the circuit court. During his testimony on direct examination, the chairman of the board testified that upon being presented with the statement signed by the eighteen teachers the board discussed the statement and other matters presented by the superintendent of schools and that " * * * after he (the superintendent) read them to us, discussed it, and the Board thought not to give him (appellant) a contract." On cross-examination appellant's counsel asked this witness:

> "Q  Well but that is what I mean. [t]hat night, being March 5th, and you are saying that is the night, are you not, that you decided not to hire Mr. Schneider for the next year. Isn't that right?
>
> A  After that was presented to the Board.
>
> Q  [t]hat is what I am saying—that was the night?
>
> A  All right."

Further, appellant directs our attention to the testimony of the superintendent of schools concerning the action that was

taken by the board at its meeting on March 5, 1974. In response to a question concerning the matter of appellant's personal file, the superintendent testified that:

"A   Yes, we went over the material in the file.

Q   And did the Board then make any decision?

A   They made a decision at that time not to renew his contract after looking at the materials."

The foregoing testimony, argues appellant, conclusively establishes that the board had completely prejudged the merits of appellant's case prior to the time that appellant was afforded an informal, private conference with the board pursuant to SDCL 13-43-9.1, and the subsequent formal hearing held pursuant to SDCL 13-43-10.1. We do not so view the record. Although we agree that appellant is entitled to a fair and impartial consideration of his merits as an elementary school principal, we do not believe that his right to such a tribunal was not honored here. SDCL 13-43-9.1 requires a school district board to notify a teacher of its intention not to renew the teacher's contract. Appellant does not explain how a school board is to notify a teacher of its intention not to renew his contract without somehow first deciding that facts exist that make it prudent for the board to consider the advisability of dispensing with a teacher's services for the following year. It would be a strange practice indeed for a school board to send a teacher a notice of intention of nonrenewal without at least first considering the advisability of not renewing the contract, unless, of course, the matter of nonrenewal is to spring pristine to the attention of the board for the first time at the conference held following the notice of intention not to renew. If the requirements of a fair tribunal include the condition that the members of the board must have had absolutely no prior knowledge of the facts that might make it advisable not to renew a teacher's contract and that they must have not discussed the matter and not have formed at least some tentative opinion that the teacher's contract not be renewed prior to the conference with the teacher, then as a practical matter the nonrenewal provisions of the continuing contract law are not available to a school

board. We conclude that it is sufficient to meet the requirements of a fair tribunal that the board base its decision upon competent, credible evidence and that there be no evidence of actual bias toward the teacher whose contract is not being renewed. Any other holding would require that the postnotice conference be conducted by an independent hearing examiner or board. We agree with the Court of Appeals for the Second Circuit that such a constitutional rule is neither desirable nor necessary.

> " * * * The constitutional rule sought here would require that decisions as to teacher competence be surrendered to a body less familiar with relevant considerations and not responsible under state and local law for making these decisions. Moreover, it is unrealistic to require a Connecticut town to provide more than one body to deal with various aspects of school administration. We do not believe that due process, varying as it does with differing factual contexts, requires so much in this case, absent a showing of actual, rather than potential, bias." Simard v. Board of Education of Town of Groton, 2 Cir., 473 F.2d 988, 993 (footnote omitted).

We think that the prior involvement of the board with the merits of appellant's position, necessary to the exercise of the board's decision to notify appellant of its intention not to renew his contract, was of such a limited nature that it was entirely consistent with the requirements of due process. Simard v. Board of Education of Town of Groton, supra. We find in the record no evidence of actual bias on the part of the board toward appellant. It was the action on the part of the teachers under appellant's supervision, together with the material in appellant's personal file as compiled by the superintendent of schools, that prompted the discussion of appellant's contract at the March 5, 1974, meeting, and not any action by the board on its own knowledge or initiative.

The record establishes neither actual bias on the part of the board nor the existence of circumstances that lead to the conclusion that an unacceptable risk of actual bias or prejudgment inhered in the board's procedures; consequently, appellant has not

met his burden of overcoming the presumption that the board acted fairly and impartially. Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712; Apoian v. State, 89 S.D. 539, 235 N.W.2d 641. See also Sullivan v. Meade Ind. School Dist. No. 101, 8 Cir., 530 F.2d 799, 1976.

Moreover, appellant had a trial de novo before the circuit court pursuant to SDCL 13-46-6, following which the court made and entered findings of fact and conclusions of law based upon the evidence presented at the trial. No issue has been raised concerning the scope of the circuit court's review of the board's decision, cf. Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10, and we conclude that the circuit court's findings that appellant was incompetent as an administrator and that the board's decision not to renew appellant's contract was based upon substantial evidence and was proper are not clearly erroneous. SDCL 15-6-52(a). Specifically, the trial court found, among other things, that appellant did not do a complete evaluation of all teachers under his supervision, contrary to the provisions of his contract of employment; that appellant reprimanded teachers before their students and other teachers, which caused the loss of respect for the teachers by students; that the teachers disliked talking to appellant about school problems for fear of being rebuked, which resulted in poor rapport between appellant and the teachers; that there was a lack of communication between appellant and the teachers under his supervision; that appellant had a poor working relationship with the teachers and that he had failed to conduct regular meetings with his staff as required by his contract of employment, and that in fact few staff meetings were held; and that from all the evidence presented appellant was incompetent in his administrative position. The evidence in the record supports these findings.

Appellant contends that the trial court erred in using the word "incompetent" in its findings of fact and conclusions of law inasmuch as incompetency was not one of the reasons given by the board for not renewing appellant's contract. The word "incompetent" is defined as, among other things,

"lacking the qualities (as maturity, capacity, initiative,

intelligence) necessary to effective independent action * * *." Webster's Third New International Dictionary.

True, appellant was not dismissed pursuant to the provisions of SDCL 13-43-15, which include incompetency as a ground for dismissal. That the board did not use the term "incompetent" or "incompetency," however, is not to say that at least some of the reasons given by the board for not renewing appellant's contract are encompassed within the definition of those terms, whether we look to the classical dictionary definition of those terms or whether we apply a commonsense meaning to the words as they apply to an elementary school principal's performance of his duties. SDCL 2-14-1. Cf. Sullivan v. Meade Ind. School Dist. No. 101, supra. As we read the record, appellant's principal deficiency as an administrator lay in his poor working relationship with the teachers under his supervision. Surely eighteen out of the nineteen teachers under appellant's supervision would not have signed the statement had there not been some reasonable basis for the allegations set forth in the statement. There is no evidence in the record to indicate that Miss Maier concocted the statement out of whole cloth and persuaded her colleagues to sign it as a part of a cabal whose purpose it was to be rid of appellant out of petty, vindictive motives. We do not have the advantage granted to the trial court of observing the demeanor of the witnesses; thus we cannot detect the subtle antagonisms and resentments that may have manifested themselves during the testimony given by appellant, his superior, and the members of the elementary school teaching staff. We must give due weight to the trial court's opportunity to observe the electric-like undercurrents of human emotions that the witnesses before him exhibited during the tension of a hard-fought contest. The record does not compel a finding that bad faith or vindictive motives existed on the part of the members of the board or the witnesses called in the board's behalf.

Appellant contends that the deficiencies enumerated in the findings of fact concerning his performance as an administrator could have been remedied had they been called to his attention by the superintendent of schools, and that the failure of the school administration to call these problems to his attention

prior to the hearing before the board was a denial of due process. We do not agree. Although SDCL 13-43-9.1 as amended by Chapter 139, Section 1, Laws of 1975, provides that

> "All teachers shall be evaluated and given notice of any deficiencies during each semester of the first two full terms of employment,"

this is a statutory requirement that did not exist at the time appellant's contract was not renewed and, arguably, would not have applied to appellant in any event inasmuch as he was neither a teacher nor serving the first two full terms of his employment. Whether appellant's deficiencies were remedial or not, it was for the board to decide whether appellant's administrative leadership was so deficient that the educational program in the elementary grades was adversely affected to the point that in the exercise of the board's considered judgment appellant's contract should not be renewed. We think that what was said in Scheelhaase v. Woodbury Central Community School Dist., supra, is apropos here:

> " * * * It is our holding that the administration of the internal affairs of the school district before us has not passed by judicial fiat from the local board, where it was lodged by statute, to the Federal court. Such matters as to the competence of teachers, and the standards of its measurement are not, without more, matters of constitutional dimensions. They are peculiarly appropriate to state and local administration." 488 F.2d at 243.

Likewise, in the instant case it was for the respondent board to determine appellant's competence as an administrator, whether the board used that particular term or not, and to determine whether his continued employment as an administrator was detrimental to the educational program offered by the district. So long as the board made this determination on the basis of good faith and upon competent, credible evidence, that determination should be upheld on review.

The judgment is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.