Coleta JONES, Plaintiff and Appellant,

v.

SULLY BUTTES SCHOOLS, Sully Buttes School District Board of Education, Defendant and Appellee.

No. 14110.

Supreme Court of South Dakota.

Argued Oct. 25, 1983.

Decided Nov. 30, 1983.

A.P. Fuller of Amundson & Fuller, Lead, for plaintiff and appellant.

Warren W. May of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee.

DUNN, Justice.

This is an appeal from a judgment of the circuit court affirming a school board's decision not to rehire a tenured teacher. We affirm.

Appellant Coleta Jones (Jones) was the principal and a tenured teacher in the Sully Buttes School System. In March 1982 appellee Sully Buttes Schools and Sully Buttes Board of Education (Board) informed Jones that it did not intend to renew her contract. Following a number of procedures at the school district level, Board reaffirmed its decision. Jones appealed to the circuit court, which upheld Board's decision.

Jones raises three issues on appeal: 1) Did Jones receive all the procedural rights guaranteed to tenured teachers by SDCL 13–43–9.1 and 13–43–10? 2) Did Board base its decision not to renew Jones' contract upon competent, credible evidence, or was the decision a result of bias? 3) Did Board violate Jones' constitutional right of freedom of speech?

Initially, we examine Jones' claim that the circuit court should have overturned Board's decision on procedural grounds since only one written notice was given to her by Board, and not two as required by the tenured teacher statutes. SDCL 13–43–9.1 requires that on or before the third Monday in March, the school board must notify in writing a tenured teacher of its intention not to renew his or her contract. SDCL 13–43–10 states that *not earlier than fourteen days* nor later than twenty-one days after the notice of SDCL 13–43–9.1, the board shall again notify the teacher in writing of its intent not to renew the contract; failure to comply with these provisions constitutes an offer to renew the contract. SDCL 13–43–10.1 states that *within seven days after receipt of the second notice,* the teacher may request a hearing before the school board.

On March 10, 1982, Jones received a written notice from Board of its intention not to renew her contract. On March 16, 1982, Jones delivered a letter to Board requesting a hearing before Board, as provided in SDCL 13–43–10.1. The hearing was held on March 22, 1982, and Board affirmed its decision not to rehire Jones. The second written notice required by statute was never given to Jones. Despite the fact that Jones requested the hearing before the

second notice could legally be given by Board, Jones maintains that failure of Board to give two notices requires reversal of Board's decision. We disagree.

■ The general rule is that all of the procedural requirements of the teacher employment statutes must be followed by school boards. *Moran v. Rapid City Area School Dist.,* 281 N.W.2d 595 (S.D.1979). However, we have also recognized that a teacher may waive the procedural rights given by the statutes. "In the absence of a waiver or other legal cause the giving of such statutory notice is necessary if automatic renewal of a teacher's contract is to be avoided." *Blood v. Spring Creek Number 12, Common School Dist.,* 78 S.D. 580, 584, 105 N.W.2d 545, 547 (1960).

■ A waiver exists where one in possession of any right, whether conferred by law or contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right. *Western Cas. and Sur. v. American Nat., Etc.,* 318 N.W.2d 126 (S.D. 1982); *Hood v. Sioux Steel Co.,* 67 S.D. 1, 287 N.W. 636 (1939). The circuit court was correct in finding that Jones knowingly waived her right to a second notice when she demanded a hearing very soon after receiving the first notice. Jones was represented by counsel prior to the time when the second notice could be given, and at the hearing neither Jones nor her counsel objected to the failure to give a second notice. In addition, Jones had worked on preparation of a school handbook which related to all the rights of teachers under SDCL ch. 13–43.

■ Therefore, even though the second notice required by statute was never given, no reversible error occurred. Jones knowingly waived her right to a second notice by doing an act inconsistent with her right—demanding a hearing only six days after the first notice. She may not now claim all of her procedural rights.

We next turn to Jones' claim that Board's decision was not based upon competent, credible evidence, and that it was in fact based upon bias. Jones maintains that her situation is like that in *Huffman v. Bd. of Ed. of Mobridge Ind. Sch. Dist., Etc.,* 265 N.W.2d 262, 266 (S.D.1978), in which we overturned a school board's decision because it was based upon "inherently subjective and nebulous criticism" of a teacher.

■ In order to meet the requirements of a fair tribunal, a school board must base its decision upon competent, credible evidence, and there must be no evidence of actual bias toward the teacher whose contract is not being renewed. *Moran, supra; Schneider v. McLaughlin Independent Sch. Dist.,* 90 S.D. 356, 241 N.W.2d 574 (1976). An examination of the evidence reveals that Board did indeed have competent, credible evidence upon which to base its decision not to rehire Jones. After seeing the situation firsthand and receiving numerous citizen complaints, Board became concerned with a lack of discipline in the school. In fact, a large proportion of the community was disturbed with Jones' work as principal. Jones had on more than one occasion argued with Board about its policies and had shown disrespect to Board. Students complained that she allowed her son to use profanity in class without being disciplined. The school superintendent did not believe that Jones could continue to function as principal in the school system. These and other factors caused a deterioration of the necessary working relationship between Board and its principal.

Jones' reliance upon our decision in *Huffman* is misplaced. In *Huffman* we reversed a school board's decision, noting that not one former student, not one former co-worker, and not one non-board member parent complained about the teacher; neither the superintendent nor the principal recommended that the teacher not be rehired; and the board's major complaint was that the pep band, which the teacher directed, was not "peppy" enough. The evidence cited above clearly distinguishes the present case from *Huffman.* Therefore, the circuit court was correct in finding that competent and credible evidence existed for Board's decision.

■ As to the claim of bias, Jones points to one Board member who ran for office "to get rid of Jones." Jones maintains that this was actual bias which unlawfully affected the entire decision. We disagree with this contention.

The United States Supreme Court has stated that in school board-teacher contract disputes mere involvement by the board in prior events is not enough to overcome the presumption of honesty and integrity of the board members. Unless the teacher shows that the board has the kind of personal or financial stake in the decision showing a conflict of interest, there is no real showing of bias. *Hortonville Dist. 1 v. Hortonville Ed. Assoc.*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). This court has also held that on a question of school board bias, we must presume the decision of the board was made in good faith. *Moran, supra.* And in *Schneider, supra,* we stated:

> If the requirements of a fair tribunal include the condition that the members of the board must have had absolutely no prior knowledge of the facts that might make it advisable not to renew a teacher's contract and that they must have not discussed the matter and not have formed at least some tentative opinion that the teacher's contract not be renewed prior to the conference with the teacher, then as a practical matter the nonrenewal provisions of the continuing contract law are not available to a school board.

90 S.D. at 363–64, 241 N.W.2d at 577.

Jones makes no showing that any Board member had a personal or financial stake in this decision. Neither does she show that the Board member accused of bias held her feelings based upon anything other than a good faith analysis of the facts. Jones also fails to show that the alleged bias of one member affected the decision-making ability of the six other Board members who voted not to renew her contract. Thus the circuit court properly found that Board's decision was not based upon bias.

■ Jones' final contention is that Board violated her constitutional right of freedom of speech. Jones never raised this issue at the trial court level, and consequently it will not be reviewed at the appellate level. *Ward v. Viborg School Dist. No. 60–5*, 319 N.W.2d 502 (S.D.1982); *Weaver v. Boortz,* 301 N.W.2d 673 (S.D.1981).

The judgment of the circuit court is affirmed.

All the Justices concur.