ZINTER, Justice
(concurring specially).
[¶ 37.] As this case points out, constituent communication creates legal problems when local governmental officials must serve in both legislative and quasi-judicial capacities. The Chief Justice’s writing highlights the troubling paradox of needing to communicate with constituents in an official’s legislative capacity, and a resulting disqualifying conflict or bias that may arise in the official’s quasi-judicial capacity. We must be careful not to adopt jurisprudence categorically precluding local officials, who have potential quasi-judicial responsibilities, from exercising their duties with their constituents. I write to point out that in my view, because of the conduct at issue, we have not drawn any such hard and fast rule in this case.
[¶ 38.] I agree with the Chief Justice that local government officials need not be disqualified simply because they wear two hats or even if they participate in fact-finding before the quasi-judicial proceeding arises. We rejected that notion in an analogous case involving a school board. See Strain v. Rapid City School Bd. for Rapid City Area School Dist., 447 N.W.2d 332, 336-37 (S.D.1989) (holding that although the Rapid City School Board had received direct ex parte information in the course of exercising its representative responsibility as an elected board, it was permitted to preside over a subsequent quasi-judicial action to terminate the teacher who was the subject of the ex parte information).
[¶ 39.] The facts of that case reflect that, in their capacity as elected officials of the Rapid City School District, the school board members received and considered a law enforcement investigative report regarding a teacher who was accused of improper sexual conduct with a student. In rejecting the teacher’s claim that the school board’s consideration of that ex parte information violated the teacher’s right to due process in a subsequent quasi-judicial dismissal hearing, we stated:
“A fair trial in a fair tribunal is a basic requirement of due process.” In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942, 946 (1955).... Not only is a biased decision maker constitutionally unacceptable, but “our system of law has always endeavored to prevent even the probability of unfairness.” [Id.] The standard to be applied is whether the record establishes either actual bias on the part of the Board or the existence of circumstances that lead to the conclusion that an unacceptable risk of actual bias or prejudgment inhered in the Board’s procedure. Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); Schneider v. McLaughlin Independent Sch. Dist., 90 S.D. 356, 241 N.W.2d 574 (1976). The United States Supreme Court has observed, however, that a school board *656 is not disqualified as the decision maker solely because of prior involvement in a dismissal case. Hortonville Dist. v. Hortonville Ed. Asso., 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). Pre-decision involvement “is not enough to overcome the presumption of honesty and integrity in policy makers with deci-sionmaking power.” Hortonville, supra, 426 U.S. at 497, 96 S.Ct. at 2316, 49 L.Ed.2d at 11-12.
Strain, 447 N.W.2d at 336-37. We specifically acknowledged that those locally elected officials were required to look into such allegations before a quasi-judicial proceeding arose. We noted that “[s]uch an important decision could not be made in a vacuum of knowledge. The Board properly reviewed available information.” Id. Moreover, we found no due process violation on that record, concluding “[njothing in the record in this case indicates that any of the members of the Board were in any way prejudiced or biased against Strain or prejudged the case.” Id.
[¶40.] Thus, while I agree with the Chief Justice that we should not fashion rules categorically precluding elected officials from performing any of their official duties, this is not a case in which we have fashioned such black letter rules. This is not an area of the law that permits black letter rules. Although local officials may prefer black letter rules to provide guidance in future cases, Strain and similar cases confirm that local officials must necessarily work within a more flexible but less certain framework.