# SUPREME COURT

### AT THE

## AUGUST TERM, 1873, HELD IN VIRGINIA CITY.

---

Present:

Hon. DECIUS S. WADE, Chief Justice.
Hon. HIRAM KNOWLES, } Justices.
Hon. FRANCIS G. SERVIS, }

---

## Perkins, appellant, *v.* Guy, respondent.

Statutory construction — *legislative intent.* Courts ascertain the intention of legislatures in enacting a statute, by considering the object sought and effect of their interpretation, and are not restricted to the words which are used.

Garnishment — *effect of.* A garnishment makes the garnishee a trustee of the money due the defendant for the benefit of the plaintiff in the attachment suit.

Statutory construction — *"all debts due"* — *judgment* — *note.* The one hundred and forty-first section of the Civil Practice Act, which provides that "all debts due such defendant" may be attached, does not include judgments and promissory notes not due.

Interpleader — *no remedy in case stated.* R. recovered a judgment against P. for $181, November 1, 1871. Certain creditors of R. sued him on the following day and served upon P. a writ of attachment, and notified P. not to pay the judgment to R. Afterward R. caused an execution to be issued and levied upon the property of P. to satisfy his judgment. The said credit-

ors subsequently obtained judgments against R., and were seeking to
enforce their attachments upon said judgment against P., when P. filed a
bill of interpleader against R. and the creditors. *Held*, that the creditors
of R. could not attach his judgment against P., and that P. could not
maintain his action of interpleader.

### *Appeal from First District, Gallatin County.*

The demurrer to the complaint was sustained by Murphy, J.,
on the ground that the same did not state facts sufficient to con-
stitute a cause of action, and Perkins appealed. The sections of
the Civil Practice Act, approved December 23, 1867, referred to in
the opinion, are embodied in the Practice Act, approved January
12, 1872.

S. Word and J. J. Davis, for appellant.

Appellant had no remedy under laws of Territory, and this is
a proper case for a bill of interpleader. 1 Bouv. L. Dict., "Inter-
pleader;" 1 Danl. Ch. 64; *Richards* v. *Salter*, 6 Johns. Ch. 445;
Story's Eq. Pl., § 297c; Story's Eq. Jur., § 806; *Angell* v. *Hadden*,
15 Ves. Jr. 244; *Langston* v. *Boylston*, 2 id. 109; *Bedell* v
*Hoffman*, 2 Paige's Ch. 199. Appellant can be compelled to pay
a debt twice, if he cannot maintain this action. *Atkinson* v.
*Manks*, 1 Cow. 691.

Appellant's offer to bring money into court is sufficient. It is
not necessary to pay it into court. 2 Story's Eq. Jur., § 809; 2
Danl. Ch. 1670; *Mohawk & H. R. Co.* v. *Clute*, 4 Paige's Ch. 385.

Appellant paid all costs in suit against Robinson. He had no
interest in money in his hands owing by him, and there was a
doubt upon his mind as to the rights of the different claimants to
the money. This is sufficient to sustain the bill. Story's Eq. Pl.,
§ 297c; *Mohawk & H. R. Co.* v. *Clute*, 4 Paige's Ch. 385.

Page & Coleman, for respondents.

Each of the parties, asked to interplead, claim, by distinct legal
titles, a sum in appellant's possession. The bill is defective.
Robinson, the judgment creditor of appellant, is not made a
party. Only the claimants to a portion of the judgment are made
parties. The uncertainty with which the appellant is troubled, is
ignorance of legal rights of claimants. "Every man is presumed

to know the law." The bill does not show that appellant was in danger of being forced to pay judgment more than once. A judgment cannot be reached by a garnishment of the judgment debtor. *Sharp* v. *Clark,* 2 Mass. 91; *Prescott* v. *Parker,* 4 id. 170; *Franklin* v. *Ward,* 3 Mason, 136; *Clodfelter* v. *Cox,* 1 Sneed, 330; *Trombly* v. *Clark,* 13 Vt. 118; *Clymer* v. *Willis,* 3 Cal. 363.

A judgment cannot be so subjected under an attachment from another court, especially an inferior one. Drake on Attach., § 625, and cases cited.

The bill does not show any privity of contract or interest between appellant and judgment creditor and lien holders. Claimants assert distinct legal titles. Story's Eq. Jur., § 820.

Appellant had a remedy at law. Cod. Sts., § 598, p. 157.

KNOWLES, J. This is a bill of interpleader, brought by the plaintiff to compel the defendants to set up their rights, and have the same determined, to certain moneys in the possession of plaintiff.

The facts set up in the bill are substantially as follows: On the 1st day of November, 1871, W. D. Robinson recovered a judgment against the plaintiff in the district court of Gallatin county, for the sum of $181.50, and costs of suit. On the 2d day of November of the same year, the defendants, Fridley, Hopping and McKenzie, each commenced suit against Robinson, and, as auxiliary thereto, had issued a writ of attachment, and a garnishee process was served upon the plaintiff, Perkins, on the 3d day of said month, warning him not to pay the said judgment to Robinson. These last suits were commenced in the probate court of the said county of Gallatin. On the last-named day, the defendant made answer to the said garnishee process, that he was indebted in the sum aforesaid upon the said judgment. On the 4th day of the said November, Robinson caused an execution to issue out of the office of the clerk of the district court for Gallatin county, upon said judgment. On the 13th day of said month, the sheriff of said county, the defendant Guy, by virtue of this execution, levied upon the property of the said Perkins, to satisfy the same. After the issuing of the said execu-

tion, the defendants, Page and Coleman, attorneys for the said Robinson, gave a written notice to Perkins that they had an attorney's lien upon said judgment, in favor of Robinson, to the amount of $150; and forbade the plaintiff from paying that amount of said judgment to Robinson, or to the sheriff, Guy, or to Fridley, Hopping and McKenzie. Before the filing of this bill, the said attaching creditors had obtained judgment in the probate court against Robinson, in the suits aforesaid, and were seeking to enforce the same by virtue of the said garnishments against the plaintiff.

Under this state of facts was the plaintiff entitled to maintain this action? The court below held that he was not, and this ruling is assigned as error. Whether or not he could maintain this action depends upon whether the defendants, Fridley, Hopping and McKenzie, could garnishee the judgment Robinson had recovered against Perkins. If they could, then this action was properly brought; if not, then the ruling of the court below was correct, and the bill properly dismissed.

Section 124, page 157, of the Practice Act, which was in force at the date of the service of the aforesaid writ of attachment, provides that "The rights or shares which the defendant may have in the stock of any corporation or company, together with the interest and profits thereon, and all debts due such defendant," may be attached.

The fifth subdivision of section 125 of the same act, provides how debts may be attached. Section 127 of this act provides that from the date of the service of a copy of the writ, and notice provided for in the aforesaid fifth subdivision of section 125, upon the debtor of the defendant, unless he pay such debt to the sheriff, the said debtor shall be liable to the plaintiff for the amount of such debt until the attachment be discharged, or any judgment recovered by the plaintiff be satisfied. Section 130 of the said act provides that "Debts and credits attached may be collected by him (that is the sheriff), if the same can be done without suit. The sheriff's receipt shall be a sufficient discharge for the amount paid."

Section 208 of the Practice Act of 1867 is as follows:

"Satisfaction of a judgment may be entered in the clerk's

docket, upon an execution returned satisfied, or upon an acknowledgment of satisfaction, filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property by the judgment creditor, or within one year after the judgment by the attorney, unless a revocation of his authority be previously filed. Whenever judgment shall be satisfied in fact, otherwise than upon execution, it shall be the duty of the party or attorney to give such acknowledgment; and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it."

Between this section and the clause quoted above from section 130, if a judgment can be attached there is presented a conflict, for this section provides how a judgment may be satisfied. But if the sheriff's receipt to a person, who has paid him a judgment debt, which has been attached, is a satisfaction of the same, then there is another manner of satisfying a judgment than that prescribed in section 208.

Again, let us examine this clause of section 130: "Debts and credits attached may be collected by him (that is the sheriff), if the same can be done without suit." Here is an intimation that the debts that may be attached may be collected by suit.

How is a judgment to be collected by suit? Again, section 127 provides that, after the service of the writ and notice, the person garnisheed shall be liable to the plaintiff for any debt he owes the defendant. How is the plaintiff to enforce this liability? He certainly cannot recover another judgment against the garnishee, for the demand is a judgment already. There is no provision of law for the plaintiff in the attachment suit, or the sheriff stepping into the shoes of the defendant in the attachment suit, and ordering execution to issue on a judgment in his favor. There is doubt enough thrown upon the intention of the legislative assembly in the language used by the different sections of the statute above referred to, to demand of a court a construction of the clause, "all debts due such defendant," and ascertain whether it embraces judgment debts. In construing a statute, the intention of the legislative assembly is the object sought. In arriving at this, a court is not confined to the exact words of a statute: "A thing which is within the letter of the statute is not within the

statute unless it be within the intention of its makers." *People*
v. *Utica Ins. Co.*, 15 Johns. 358–380.

As it appears that our system of attachment laws in the United
States sprang from what is known as the custom of London in
attaching debts, under that custom a judgment debt could not
be attached.

In construing a statute, the court may inquire what was the
object the legislative assembly sought.

The process by which the debt of a debtor can be attached is
usually called a garnishment. This term implies a warning to
the person indebted to the defendant not to pay the money he is
owing over to him. In New England this process is termed the
trustee process. The garnishee process " is, in effect, a suit by
the defendant, in the plaintiff's name, against the garnishee, with-
out reference to the defendant's concurrence, and, indeed, in oppo-
sition to his will." Drake on Attachment, § 452.

It is very evident that the effect of a garnishment is to make
the garnishee a trustee of the money due the defendant, for the
benefit of the plaintiff in the attachment suit. This is the object
the legislative assembly intended to effect. But how is a party to
be made a trustee of funds over which he has no control? He
owes the debt, but it is in the custody of the law. It is a judg-
ment, and his property against his will may be taken upon execu-
tion to satisfy the same. It is not in his power to hold this money
as a trustee.

It is a familiar legal maxim that " The law does not seek to
compel a man to do that which he cannot possibly perform."
The object of the legislative assembly to make the garnishee a
trustee for the plaintiff in the attachment suit cannot then be
effected, because it requires of the garnishee an impossibility.
Neither can the remedy against the garnishee be in the nature of
a suit. The debt is already a judgment, and two judgments can-
not be entered for the same debt in different courts, when the
court is apprised that the claim is already a judgment in the same
jurisdiction.

It would not be uninstructive to learn how other courts have
construed similar statutes. The courts of Connecticut, Pennsyl-
vania, Delaware, Alabama and Mississippi, under, what I suppose,

similar statutes, have held that a judgment could be attached. In Connecticut, the court recognized the hardship that would be inflicted upon the garnishee from their ruling, and intimated that he might protect himself by an action in chancery similar to this. If a judgment debt can be garnished, the plaintiff in the attachment suit would not be a necessary party. His rights the garnishee knows. A court of chancery cannot change them. The only necessary parties would be the sheriff or clerk of the court, and the defendant in the attachment suit in such an action, enjoining these parties from collecting this judgment.

But, unless it could be shown that the garnishee was liable to suffer great and irreparable injury, this could not be done. If the defendant in the attachment suit was not insolvent, how could he do this? If the defendant in the attachment suit was solvent, we would witness, under our statute, the spectacle of a garnishee being compelled to pay a debt twice and have left an action against his original creditor to make himself whole. The effect of the construction of a law is a legitimate object for a court to consider. Surely, a court ought not to give a construction to a law that would have this effect, unless there is no legal way to escape it. A debtor ought to have some rights which a legislative assembly should respect. A construction of this law that would have this effect would not be consistent with any reasonable intention on the part of the legislative assembly. Again, the effect of holding that a judgment should be subject to attachment would present a conflict of jurisdiction, and allow one court to interfere with the judgments and process of another court.

In opposition to the decisions of the courts above referred to, we have the courts of New Hampshire, Massachusetts, New Jersey, Arkansas, Tennessee, the circuit court of the United States, and a decision of the supreme court of the United States, which, in principle, establishes this doctrine. This latter decision is the case of *Wallace* v. *M'Connell*, 13 Pet. 136. This case decides that, after the commencement in the United States district court of a suit, a debt cannot be garnished. Certainly, if a debt, after the commencement of a suit, cannot be garnished, much less can a judgment. This decision is binding upon us. In every State in the Union, where the question has been presented, except in

Maryland, it has been held that a promissory note not due could not be attached by the garnishee process. Any other class of debts upon which an action may be brought, whether due or not, may be attached by this process. The only reason for exempting a promissory note not due is the peculiar class of the obligation. A debt evidenced by a promissory note not due is as much under the control of the payee thereof as a judgment debt is under the control 'of the person liable thereon. "All debts" embraces debts evidenced by a promissory note, whether due or not, as well as judgments. If courts are at liberty to so construe this statute as to exempt a debt evidenced by a promissory note from the operation of the statute, a court ought to be at liberty to say that it did not embrace judgments; that the only debts that were included within the operation of that statute would be all those debts upon which the money payable thereon could be held by the garnishee, as a trustee of the plaintiff in the attachment suit, and over which he had control.

For these reasons we think the court below committed no error.

The judgment of the court below is, therefore, affirmed, with costs.

*Judgment affirmed.*