## WHEREATT vs. ELLIS.

*October 30 — November 20, 1883.*

*Complaint construed : (1) Tort or contract ? (2) Agency : parties.*

The complaint alleges, in substance, that in 1881 the defendant was possessed of, and had the control and management of, a number of farms which he desired to let on shares; that he employed the plaintiff to find tenants and superintend the business until the crops of 1882 were gathered, agreeing to pay him one tenth of such crops for his services; that the plaintiff procured the tenants and performed the services until he was discharged, without just cause, in July, 1882; that plaintiff was always willing and had offered to perform the agreement on his part, but was not permitted by the defendant so to do; that after plaintiff's discharge the defendant took the crops raised on the farms, including plaintiff's share, and "has converted the same to his own use;" that the defendant has refused to deliver plaintiff's share to him; and that the plaintiff has sustained damages equal to the value of such share (which is stated) by reason of the breach of contract. *Held:*

(1) The cause of action stated is upon contract. The allegation as to a conversion may be treated as surplusage in view of the other matters which give character to the action.

(2) The complaint does not show that the defendant was acting as the agent of others, or that there is any defect of parties.

APPEAL from the Circuit Court for *Eau Claire* County. The complaint states three causes of action. The substance of the first will appear from the opinion. The second and third were based upon accounts for services rendered by the plaintiff to the defendant at the instance and request of the latter. The defendant demurred to the whole complaint on the ground that several causes of action were improperly united, and to the first cause of action generally, and on the ground that as to such cause of action there is a defect of parties in that the several persons who, under the agreement set forth, were the co-tenants of the plaintiff and defendant in the crops therein mentioned, were not made parties. The appeal is from an order overruling the demurrer.

*Alexander Meggett*, for the appellant.
*Levi M. Vilas*, for the respondent.

COLE, C. J. Whether there is an improper joinder of causes of action in the complaint depends entirely on the question whether the first cause of action is one in tort or on contract. If it is of the latter character it is conceded there is no misjoinder. The statement of the first cause of action, in substance, is that some time in the fall of 1881 the defendant was possessed of, and had the control and management of, a number of farms, which he desired to let to tenants to farm on shares the next year; that he then made an oral agreement with the plaintiff if the latter would find tenants, and attend to the letting of such farms, would overlook and superintend the working and management of them, and take charge of the business relating thereto until the crops of 1882 were gathered and threshed, he would pay plaintiff one tenth part of the crops raised as compensation for his services. It is further alleged that the plaintiff entered upon this employment, procured tenants, and leased the farms to them, and performed the services which he had undertaken to render, until the defendant discharged him, in the month of July, 1882, without just cause, and against his consent. It is also averred that the plaintiff has at all times been willing to perform the agreement on his part, and has offered to do so, but that the defendant has ever refused to let him perform it; that since the plaintiff's discharge the defendant has taken the crops raised and threshed on the several farms, including the plaintiff's share or portion, " and has converted the same to his own use." It is alleged that the defendant has refused to deliver to the plaintiff his share, although requested so to do. It then states the value of the share which the plaintiff was to receive under the agreement, and alleges that he has sustained damages equal to such value by reason of the breach of the contract.

It seems to us that this states a cause of action on contract. Probably, if the allegation that the defendant had "converted" the crops to his use had been omitted, there would be no question as to the nature of the action set forth. But these words cannot control the facts stated, which show that the action is for a breach of contract. That allegation may be rejected as immaterial or as surplusage, in view of the other matters which give character to the action. *Lane v. Cameron*, 38 Wis., 603; *Conaughty v. Nichols*, 42 N. Y., 83; *Greentree v. Rosenstock*, 61 N. Y., 583. It is very doubtful whether, before the crops were divided and the plaintiff's share set over to him, he had any general or special property in them which could be "converted" by any one. But, however that may be, certain it is that the words "has converted the same to his own use," in the connection in which they are used, cannot have the effect to change the action to one in tort. The facts stated constitute a good cause of action for a breach of contract.

The other ground of demurrer is that there is a defect of parties. We deem this objection equally untenable as the one just considered. The plaintiff and defendant were the only parties to the alleged contract. The plaintiff rendered his services in consideration of one tenth of the crops, which the defendant agreed to pay and deliver to him. The plaintiff was the only person who entered upon the employment; the defendant the only person who engaged and discharged him. No other inference can be made from the allegations than that the services were rendered, or were to be rendered, upon the personal promise and individual responsibility of the defendant. We do not understand defendant's counsel when he says it appears that, in all the transactions stated in the complaint, the defendant was acting as the agent of others to the knowledge of the plaintiff. Surely the complaint states nothing about agency, but counts upon a contract made with the defendant alone,

in and by which the latter bound himself personally to pay the former for his services. We certainly do not see that the law of agency has anything to do with the transaction. There is surely nothing in the complaint that warrants the assumption that the defendant was acting in the matter for anybody but himself.

*By the Court.*— The order of the circuit court overruling the demurrer is affirmed.