### LINDSKOG, Sheriff, v. SCHOUWEILER *et al.*

1. A judgment creditor, by the levy of an execution on a debt due to his debtor, acquires the right to have the debt applied to the judgment, and the person who owes it becomes a trustee for the amount, and, if he deposit it with another with notice that it has been so levied on, the latter will hold it for the judgment creditor's benefit.

2. Where in an action for money received, the complaint clearly shows that defendant received it for the benefit of plaintiff, an allegation that he wrongfully and unlawfully converted it to his use does not change the action to one exdelicto, but it may be treated as surplusage.

3. Under Comp. Laws, § 6136, providing that, on appeal from a justice's court, the circuit court may set aside, affirm, or modify the judgment, it is error for the court, after affirming a judgment appealed from, to enter an original judgment that plaintiff recover of defendant the amount with interest.

4. Where it does not appear that a motion was made to modify a judgment in the court below, the question cannot be raised on appeal.

(*Opinion* filed September 2, 1899.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by G. A Lindskog, as sheriff of Brookings county, againt N. A. Schouweiler and another, co-partners as Schou- weiler Bros., and Thomas Lavin, for money received for plaint- iff's use. From a judgment of the circuit court affirming a judgment of the justice court for plaintiff, defendants Schou- weiler Bros. appeal. Affirmed.

*Alexander & Hooker*, for appellants.

*Cheever & Hall*, for respondent.

CORSON, P. J.    This is an appeal from a judgment of the circuit court affirming a judgment of the justice court in favor of the plaintiff and against the defendants. The action was commenced in the justice court by complaint in writing, to which defendants demurred. The demurrer was overruled, and the defendants Schouweiler Bros. elected to stand upon their demurrer, and took an appeal to the circuit court upon questions of law alone, based upon a statement, as provided by the statute, and, the judgment of the justice being affirmed, they now appeal to this court.

The appellants contend—First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that the circuit court rendered an affirmative judgement against appellants and defendant Lavin, instead of affirming the judg- ment of the justice. The complaint, in substance, is as follows: That the plaintiff was the duly elected, qualified, and acting sheriff of Brookings county; that an execution was duly issued by the city justice of the city of Brookings, in an action where- in the Foley-Wadsworth Implement Company, a corporation, was plaintiff, and Alexander Stapleton was defendant, by which said sheriff was required to satisfy the judgment render-

ed in said action, amounting to $69 and accrued and accruing costs, out of the personal property of the said defendant; that the plaintiff duly levied upon all moneys, credits, and property belonging to the said Alexander Stapleton in possesion of the said Thomas Lavin and under his control; that, pursuant to said notice of levy and demand, the said Thomas Lavin, on the same day, executed a certificate certifying that the sum of $78.22 was owing by him to the said Alexander Stapleton, but plaintiff alleges that, in truth and in fact, there was due from said Lavin to said Stapleton the sum of $103.15, all of which was levied upon then and there by the plaintff; that thereafter said Thomas Lavin deposited with the defend ants Schouweiler Bros., as co-partners, said sum of $103.15 so levied upon as aforesaid, and being the amount owing by said Lavin to the said Stapleton, which had been previously levied upon under and by virtue of said execution as aforesaid; that said Schouweiler Bros. ''received the same with full notice and knowledge that the same had been levied upon under and by virtue of said execution as aforesaid, and received the same subject to the rights of the plaintiff therein and thereto, and well knowing that said sum so deposited with them and receiv ed by them was the said sum owing by the said Thomas Lavin to said Alexander Stapleton, and was a particular fund levied upon as aforesaid;'' that neither of the said Schouweiler Bros. nor the said Thomas Lavin has turned over or paid to plaintiff said sum so levied upon or any part thereof, but that they and each of them, wrongfully and unlawfully, converted the said sum to their own use, to which sum plaintiff is justly entitled under and by virtue of the said levy as aforesaid, and which sum is now held by defendants to the use and benefit of

this plaintiff; wherefore plaintiff demands judgment for the sum of $100, and for costs and disbursements of this action.

The appellants contend that the complaint is insufficient, in that it does not allege that there was any money or other property capable of manual delivery belonging to the execution debtor in the hands of Lavin upon which levy was made, and that it affirmatively appears from the complaint that the levy was made solely upon the debt owing by the said Lavin to the execution debtor, Stapleton, and therefore the only right acquired by the plaintiff was the right to collect such debt from Lavin "by suit in his own name, if necessary, or by selling the same," as provided in Section 5120, Comp. Laws. In reply to this, respondent insists that the assumption by appellants that the complaint shows that the subject of action is merely a debt, which has been garnisheed, is incorrect, and that the complaint shows that after the levy on the debt another transaction occurred, to-wit, the debt was changed from its inchoate condition into a specific fund, and deposited with appellants, with full knowledge of respondent's rights and for his use and benefit. The authorities are not clear as to the exact legal effect of a levy of an execution upon a debt due from a person to an execution debtor.

In the early case of Embree v. Hanna, 5 Johns. 101, Chief Justice KENT, in a well-considered opinion, uses the following language: "The attachment of the debt in the hands of the defendant fixed it there in favor of the attaching creditors. The defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a lien upon the debt binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all,

cannot fail to regard." It will be observed that the learned chancellor uses the expression, "acquired a lien upon the debt."

Mr. Shinn, in his work on Attachment and Garnishment, in section 613, uses the following language: "Garnishment does not create a lien upon effects or credits in the same sense that attachment by direct seizure creates a lien upon property, and yet it does create a lien upon the proceeds or fund to the extent that the garnishee cannot pay it, nor can the principal defendant secure it; and this lien, such as it is, takes effect from the time of service, and thereafter, where so specially provided. Garnishment creates an inchoate lien, which can only be perfected by judgment." In the same section the learned author uses the following language: "Process of garnishment served upon the garnishee does not have the same effect of attaching the property or credits in the hands of the garnishee that a direct attachment has upon the property of the defendant taken by direct seizure. The effect of the garnishment is to make the garnishee the trustee of the money of the defendant. Perkins v. Guy, 2 Mont. 15."

In Beamer v. Winter, 41 Kan. 596, 21 Pac. 1078, HORTON, C. J., in speaking of the effect of a levy upon a debt, quotes with approval the following from Wap. Attachm. p. 341: "It is a species of seizure by notice, made by order of court, at the instigation of the plaintiff, to facilitate the execution of any judgment that may be rendered against the defendant by securing and preserving such property and credits of the defendant as are liable to execution. It is not such a seizure as to make the serving officer the custodian of that which is seized, but rather such as to make the defendant's debtor or his property

holding agent the keeper of the thing arrested in his hands. It is the process by which the third person thus indebted or intrusted is brought into court and made subject to the decree to be rendered, though not strictly made a party to the suit." These quotations are with reference to attachment, but the same principles are applicable to the levy under execution.

While, therefore, the effect of levying upon a debt due from a party to the execution debtor does not create an absolute lien, in the sense that a lien is created by the officer's taking into his possession tangible property of the execution debtor, yet it is a lien in the sense that the plaintiff acquires a right to have the debt due from the party to the judgment debtor applied in payment of his judgment, and in effect makes such person a trustee of the amount so due from him to the execution debtor. It would seem to follow, therefore, that when Lavin admitted that he was indebted to Stapleton in the sum of $78.22, but was in fact indebted to him for $103.15, he became a trustee of the plaintiff for that amount; and when he deposited that identical sum with Schouweiler Bros., with full notice and knowledge that the same had been levied upon, and who "received the same subject to the rights of the plaintiff therein and thereto, and well knowing that said sum so deposited with them and received by them was the said sum owing by said Thomas Lavin to said Alexander Stapleton, and was the particular fund levied upon, as aforesaid," that the money was held by them for the use and benefit of the plaintiff.

Appellants make further objections to the complaint, and contend that the action is not one for money had and received for the use of the plaintiff, but an action in the nature of trover, for the wrongful conversion of said money. But we are in-

clined to take the view that the insertion of the words, "wrongfully and unlawfully converted the said money to their own use," is mere surplusage. The facts stated in the complaint clearly show that Schouweiler Bros. received this money under such circumstances that they must be regarded as holding it for the use and benefit of the plaintiff. In Siems v. Bank, 7 S. D. 338, 64 N. W. 167, this court held, quoting from the syllabus of the case: "Money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. In such case, no privity of contract is required, except that which results from the circumstances." The facts stated in the complaint in this action bring the case clearly within the rule therein laid down, and the allegation that defendants "wrongfully and unlawfully converted the said sum to their own use" does not have the effect of changing the action from one in *ex contractu* to one in *ex delicto.*

It will be observed that following the allegation that the defendants "wrongfully and unlawfully converted the same to their own use" is the allegation, "to which sum the plaintiff is justly entitled under and by virtue of said levy, as aforesaid, and which sum is now held by defendants to the use and benefit of this plaintiff." It will be noticed that these two allegations are entirely inconsistent, and as the latter is in accord with the other allegations of the complaint, the former should be treated as surplusage and disregarded.

The summons does not aid in interpreting the pleadings. The complaint alone is to be considered in determining the de-

rrurrer.  Graves v. Waite, 59 N. Y, 162; 8 Enc. Pl. & Prac. 888, note; Jordan v. Frank (N. D.) 46 N. W. 171; Conaughty v. Nichols, 42 N. Y. 83; Coit v. Stewart, 50 N. Y. 17; Greentree v. Rosenstock, 61 N Y. 583; Segelken v. Meyer, 94 N. Y. 481; Whereatt v. Ellis, 58 Wis. 627, 17 N. W. 301.

The second contention of the appellants, that the judgment entered by the circuit court is void, will now be considered.    It appears from the record that the circuit court affirmed the judgment rendered by the city justice, which was for the sum of $122.40, costs, and statutory fees, as follows:  "It is hereby ordered and adjudged that the said judgment of the said Albert Matson, city justice, herein.  *  *  *  for the sum of $122.40, be, and the same is hereby in all things affirmed."  The court then adds the following:  "And it is further hereby ordered and adjudged that the said plaintiff  *  *  *  have and receive from said defendants, N. A. Schouweiler and M. E. Schouweiler and Thomas Lavin, defendants herein, the said sum of $122.40, together with interest on the sum of $100.00 at 7 per cent per annum,  *  *  *  and also for his costs and disbursements upon this appeal, to be taxed by the clerk of this court and inserted herein, in the sum of $19.25, amounting in all to the sum of $141.65."  The first part of the judgment appears to be in proper form, and is such a judgment as is authorized by Section 6136, Comp. Laws; and we see no objection to the latter part of the judgment, by which it is adjudged that plaintiff shall recover his costs in the circuit court, taxed at $19.25.  But that portion of the judgment in which it is adjudged that the plaintiff is to have and recover of the defendants the sum of $122.40, together with interest, etc., is clearly not authorized by that section.    But we do not think that the addition to this

judgment in favor of the plaintiff and against the defendants necessarily renders the judgment void, and the judgment could be modified by striking therefrom what purports to be the original judgment of the circuit court, were such a modification proper in this case. But we are inclined to agree with the counsel for the respondent in their contention that, it not affirmatively appearing from the record that any motion to correct the judgment or modify it having been made in the court below, the question cannot be raised for the first time in this court. Elliott, App. Proc. §§ 344, 345. The judgment of the court below is affirmed.