Buell MORTWEET, Plaintiff
and Appellee,

v.

David ELIASON, Defendant
and Appellant.

No. 13963.

Supreme Court of South Dakota.

Argued May 24, 1983.

Decided June 29, 1983.

Kathleen Kilmer, Sioux Falls, for plaintiff and appellee.

Kevin Dornberger, Sioux Falls, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment and amended judgment granting a money judgment, plus interest, in favor of Buell Mortweet (appellee) in a breach of contract action. We affirm.

Appellee entered into a contract with David Eliason (appellant) in January of 1980 for the sale of a laundromat in Sioux Falls, South Dakota. The sale price of the business, including furniture, fixtures and equipment, was $92,000. The contract called for a series of installment payments to be made to appellee on specified dates and also required rental and interest payments of $1,256 per month.

In August of 1980, appellant failed to make a scheduled $7,000 payment. The parties agreed to orally modify the contract by extending the due date of the payment to October 1, 1980, and to include an interest payment of nine percent. Appellant, a licensed real estate agent, also agreed to try and sell the laundromat by that date. On October 15, 1980, appellant informed appellee that he was unable to make the scheduled payment and that he had been unsuccessful in his attempts to sell the property. At that point, appellant voluntarily turned the laundromat over to appellee. Appellee took over the operation of the laundromat and made an effort to sell the facility by advertising it for sale in a local paper. Finally, in January of 1981, appellee again sold the property, this time for $71,000.

Appellee then filed suit against appellant, alleging, among other things, breach of contract. Appellee asserted he had suffered damages in excess of $16,000. Following receipt of appellant's answer and counterclaim, a trial was held and the trial court thereupon issued findings of fact and conclusions of law. In a judgment and amended judgment which followed, the trial court awarded appellee the scheduled $7,000 pay-

ment, plus interest at nine percent from August 1, 1980. This amount was due and owing under the contract when appellee took over the business. This judgment was fully substantiated by the record.

Appellant contends on appeal that the $7,000 judgment was a "deficiency judgment," and cannot be awarded in a sale of goods setting where notification of resale at private sale is not given. Before determining whether there is any merit to appellant's claim, however, we must first determine whether appellant has preserved this issue for appeal.

■ This court has said on countless occasions that an issue may not be raised for the first time on appeal. Thus, an issue not presented at the trial court level will not be reviewed at the appellate level. *Ward v. Viborg School Dist. No. 60–5*, 319 N.W.2d 502 (S.D.1982); *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981); *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977); *In re Estate of Grimes*, 87 S.D. 187, 204 N.W.2d 812 (1973).

■ In *Pearson v. Adams*, 279 N.W.2d 674, 676 (S.D.1979) (citations omitted) we stated:

On appeal, the record and the transcript, if included in the record, imparts an absolute verity and is the sole evidence of the trial court's proceedings. While all parties are expected to protect themselves on the record, and all parties are obligated to see that the settled record contains all matters necessary for the disposition of the issues raised on appeal, the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant.

If the record is incomplete or incorrect, the remedy is by appropriate action or proceedings in the trial court to secure a correction thereof.

We have reviewed the settled record, the exhibits contained therein, and the trial transcript, and we note that appellant's sole contention below was that he had been mislead as to the true amount of the income available from the laundromat. Appellant did not raise the issues of notice or the commercial reasonableness of the sale in his answer and counterclaim, in any of the documents and pleadings in the settled record, nor at the trial held below. Moreover, appellant failed to object to the proposed findings of fact and conclusions of law, failed to propose his own, and failed to ask for a new trial based on these alleged deficiencies. Thus, we have no choice but to conclude that counsel has failed to preserve an appealable issue for review.

The practicing bar should be aware that appellant may have had a valid excuse for the deficiencies in the record had he raised it on appeal. The settled record before us contains only the findings of fact that were entered by the trial court. Although it might be assumed that these are the findings appellee proposed, there is no certificate of service in the record to show that appellee complied with SDCL 15–6–52(a) which requires that "A copy of the proposed findings shall be served upon all parties to the action." Additionally, SDCL 15–6–52(a) states, in pertinent part:

The court shall not sign any findings therein prior to the expiration of five days after service of the proposed findings during which time the parties may in writing submit to the court and serve on their adversaries their objections or additional proposals. Thereafter the court shall make or enter such findings and conclusions as may be proper.

■ Here, the trial court signed findings without anything in the record to show that they were served on appellant. How could appellant object to findings he may not have received? How could appellant know what other findings he should propose if appellee did not serve any of the proposals on him? We believe it is incumbent upon the practicing bar and trial courts to strictly adhere to the dictates of SDCL 15–6–52(a). Appellee's possible failure to comply with the statute in this case, however, is not fatal. Appellant's failure to object to appellee's possible noncompliance, if any, results in a waiver of the issue on appeal.

The judgment is affirmed.

All the Justices concur.