Ronald **MAYROSE**, Plaintiff and Appellee,

v.

Gary **FENDRICH**, Defendant and Appellant.

Nos. 14360, 14381.

Supreme Court of South Dakota.

Considered on Briefs March 20, 1984.

Decided April 25, 1984.

Michael Unke, Salem, for plaintiff and appellee.

Charles Rick Johnson of Johnson, Eklund & Davis, Gregory, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment entered by the trial court in a tort action. We affirm.

The appellee, Ronald Mayrose (Mayrose), operates a farm in McCook County, South

Dakota. On February 20, 1982, while Mayrose was at his own wedding, his parents went to the farm to do the daily chores. When they arrived at the farm, they noticed appellant, Gary Fendrich (Fendrich), on the premises; Fendrich frantically drove out of the yard to avoid apprehension. Mayrose's parents discovered that the electricity to the house and the hog confinement building had been turned off and that a pickup had been started and left running. Later it was also discovered that the oil had been drained out of the pickup.

Mayrose brought an action in tort against Fendrich, alleging $2300 in damages, and he sought treble damages pursuant to SDCL 22-34-2.[1] At trial, Fendrich admitted entering the Mayrose property without permission; he admitted intentionally turning off the electricity at the farm, which he recognized could have done serious damage to the house and livestock; and he admitted intentionally starting Mayrose's pickup and leaving it running. The jury found for Mayrose upon all the issues in his complaint and assessed damages of $2500. The jury also answered a special verdict form to the effect that Fendrich had not intentionally damaged Mayrose's property. In its judgment, the trial court awarded damages to Mayrose in the amount of $2000, plus costs.[2] The trial court denied all motions which would have awarded treble damages to Mayrose.

Fendrich raises three issues on appeal: 1) Did the trial court err by not directing a verdict for Fendrich when Mayrose's complaint sought treble damages under SDCL 22-34-2 but failed to allege a criminal conviction under SDCL 22-34-1? 2) Did the trial court err by not setting aside the verdict when the jury found that Fendrich's

acts were not intentional? 3) Did the trial court err by not instructing the jury on the element of intent?

■ None of these issues raised by Fendrich on appeal were raised at the trial court level.[3] This court has said on countless occasions that an issue may not be raised for the first time on appeal; we will not review issues which were not presented to the trial court. *Jones v. Sully Buttes Schools*, 340 N.W.2d 697 (S.D.1983); *Mortweet v. Eliason*, 335 N.W.2d 812 (S.D. 1983). Nevertheless, Fendrich urges us to review these issues under the plain error doctrine, SDCL 23A-44-15.[4] This we refuse to do, since the plain error doctrine is a rule of criminal procedure and is inapplicable to this civil case.

■ Since Fendrich has failed to preserve his issues for review, this court is limited to deciding whether the findings support the judgment. *Donohue v. Jennings*, 334 N.W.2d 683 (S.D.1983); *Application of Veith*, 261 N.W.2d 424 (S.D.1978); *Goldberg v. Sisseton Loan & Title Co.*, 24 S.D. 49, 123 N.W. 266 (1909). Our review of the jury's verdict convinces us that its findings for Mayrose were based upon matters stated in the pleadings and on evidence produced at trial. Therefore, the judgment is supported by the findings and should not be reversed.

■ On notice of review, Mayrose contends that since Fendrich admitted to intentionally doing the acts, the trial court should not have denied Mayrose's motion for judgment notwithstanding the verdict on the issue of treble damages. Mayrose's claim for treble damages is based upon SDCL 22-34-1, which makes intentional damage to private property a criminal of-

---

1. SDCL 22-34-2 states: "Any person who violates § 22-34-1, in addition to the punishment prescribed therefor, is liable in treble damages for the injury done, to be recovered in a civil action by the owner of the property or public officer having charge thereof."

2. The jury award of $2500 to Mayrose was reduced by the amount of damages awarded to Fendrich on a counterclaim ($500). The counterclaim is not at issue on appeal.

3. We note that Fendrich's counsel on appeal is not the same attorney who represented Fendrich in the trial court.

4. SDCL 23A-44-15 states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court."

fense, and SDCL 22–34–2, which allows treble damages to be recovered in a civil action against one who has violated SDCL 22–34–1.

Mayrose's contention must fail, however, in light of our decision in *K & E Land and Cattle, Inc. v. Mayer*, 330 N.W.2d 529 (S.D. 1983). In that case we held that SDCL 22–34–2 is dependent upon SDCL 22–34–1, which is without any tort basis; the multiple damages provision of SDCL 22–34–2 is inapplicable when a defendant has not been prosecuted under SDCL 22–34–1. In the present case, Mayrose admits there was no criminal prosecution or conviction of Fendrich for his acts. Consequently, treble damages cannot be awarded under SDCL 22–34–2; Mayrose is only entitled to the actual damages awarded by the trial court.

The judgment is affirmed.

All the Justices concur.