Michele HANSON, Plaintiff
and Appellant,

v.

Merl HANSON, Defendant
and Appellee.

No. 15097.

Supreme Court of South Dakota.

Considered on Briefs March 19, 1986.

Decided Dec. 23, 1986.

Robert G. Fite, Brookings, for plaintiff and appellant.

Randy S. Bingner, Clark, for defendant and appellee.

WUEST, Chief Justice.

The former wife appeals from an order modifying the former husband's child support obligation and reducing his arrearages for child support. The original decree of divorce was entered in November 1982. After a modification and contempt hearing in 1985, the trial court entered conclusions stating that it was making an "equitable adjustment" of the husband's child support arrearages of $6,085. The former wife was awarded a money judgment of $2,000 for such arrearages.

Over the years from 1982 to 1985 the former husband paid only $1,865 on a total support obligation of $7,950. The trial court found that the former husband had been employed during this period and that he had the ability to meet his support obligation. During this time the former husband's gross income, not including his spouse's income, increased from $472 in 1982 to approximately $9,000 in 1983 and $10,000 in 1984. The trial court, however, did not enter any findings or conclusions on any change in circumstances in the children's needs or the abilities of either of the parents to support the children. *See, e.g., Thompson v. Thompson*, 366 N.W.2d 845 (S.D.1985); *Johansen v. Johansen*, 365 N.W.2d 859 (S.D.1985); *Gross v. Gross*, 355 N.W.2d 4 (S.D.1984).

The wife contends that the trial court erred in retroactively excusing a portion of the child support arrearages in the absence of a finding of changed circumstances.

A trial court's authority to retroactively modify child support has been consistently reaffirmed. *Stach v. Stach*, 369 N.W.2d 132 (S.D.1985); *Hood v. Hood*, 335 N.W.2d 349 (S.D.1983); *Larsgaard v. Larsgaard*, 298 N.W.2d 381 (S.D.1980). This court has clearly stated, however, that absent any finding of a change in circumstances a trial court has no basis on which to conclude that child support should be retroactively modified or that arrearages should be excused. *Stach*, 369 N.W.2d at 136. We have also stated that in setting child support the children's interest must be the primary consideration rather than

an undefined notion of the "equitable" adjustment of rights between the parents. *Johansen, supra.* This is equally applicable to adjusting child support arrearages. Because the trial court did not find any change in circumstances, other than an *increase* in the husband's income, the court could not adjust the arrearages.

■ Although the former wife has appealed from the order relieving the former husband of support arrearages, in his brief the husband attacks the original divorce decree. He seems to argue that he was entitled to relief from the decree under SDCL 15-6-60(b)(3) and (6) on the grounds of fraud and misrepresentation. No motion to vacate under this statute appears in the record, however. Where a party has failed to make a motion to correct or modify a judgment in the court below he may not attack the judgment for the first time on appeal. *Lindskog v. Schouweiler,* 12 S.D. 176, 80 N.W. 190 (1899). The former husband's contention that the original decree of divorce should have been vacated is an attempt to raise issues on appeal that were not raised below. We will not consider such issues for the first time on appeal. *See, e.g., Mayrose v. Fendrich,* 347 N.W.2d 585 (S.D.1984).

We reverse the trial court's decision and remand with directions to enter judgment for the full amount of the arrearages.

MORGAN and SABERS, JJ., and FOSHEIM, Retired Justice, concur.

HENDERSON, J., concurs specially.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

HENDERSON, Justice (specially concurring).

I do not agree with the strident command of the majority opinion to affix child support arrearages in a certain dollar amount.

We are not in a fact-finding business at the appellate level. We have an equitable situation before us and not an arithmetic problem.

The "equitable adjustment," which the court entered by way of a money judgment to $2,000.00, was not based upon an explicit finding of "change of circumstances." Implicit, however, in the findings of fact and conclusions of law appear facts which do sustain a "change of circumstances." The "change of circumstances" is that appellee/former husband has experienced a rather dramatic improvement of his financial condition since the decree of divorce was entered as reflected by Finding of Fact VI. He was, per the settlement agreement, upon which a default divorce was granted, unemployed.* The original decree required the father to pay child support of $250.00 per month for two children and provided further "reduced, until the [husband] obtains employment, to One Hundred Fifty Dollars ($150.00)" per month. This decree of divorce was entered by default in 1982. In 1983, he earned $9,036.91 and in 1984 he earned $10,037.00. Considering his present spouse's income in 1983, he and his spouse had a combined adjusted gross income of $12,224.00. In 1984, he and his spouse had a combined adjusted gross income of $17,074.00.

Therefore, there was not a *reduction* in ex-husband's income, but rather a dramatic *enhancement* in income. Under State *ex rel. Larsgaard v. Larsgaard,* 298 N.W.2d 381, 384 (S.D.1980), it would appear that an enhancement of income would not justify a retroactive modification to then lower an expunged back child support. Although I agree that the findings of fact and conclusions of law are technically deficient on an explicit finding of "change of circumstances," I would predicate a reversal upon an abuse of the trial court's judicial discretion. *Rykhus v. Rykhus,* 319 N.W.2d 167 (S.D. 1982). Also, there are no findings of fact nor conclusions of law with respect to the

---

* Support of children in a divorce case lies within the discretion and good judgment of a trial judge. A settlement agreement on child support which does not make financial sense—which is not equitable—should not be approved by a trial judge.

ex-wife/appellant's income and the needs of these children. This creates great problems for a review court. *See* second-to-last sentence of this writing. Our Legislature has directed that trial courts "shall ... find the facts specially and state separately its conclusions of law thereon...." SDCL 15–6–52(a). We have held that a trial court's failure to enter proper findings of fact and conclusions of law constitutes reversible error. *Stanton v. Saks*, 303 N.W.2d 819 (S.D.1981) (per curiam); *Talbert v. Talbert*, 290 N.W.2d 862 (S.D.1980).

Hence, I would reverse but with directions for the trial court to take further evidence/enter explicit findings of fact and conclusions of law on the critical matters which appear to be unaddressed and then permit the trial court to enter a judgment for the proper amount of arrearages. I do not quarrel with the concept and holding that the ex-husband/appellee should be required to pay child support arrearages, for I note in Finding of Fact VII, "Defendant had the ability to comply with the Order of this Court requiring the payment of support and his failure to comply with such Order has been wilfull [sic] and contumacious." In Finding of Fact XVI, he is likewise found to be in contempt of the court's order for failing to "substantially comply with the child support provision contained in said Decree."

As I view the "equitable adjustment" concept of the trial judge herein, I surely do not fault him for doing what he though was best. He was sitting in Equity. Particularly, I note Finding of Fact XV, which finds appellant/mother in contempt of court based upon "her refusal to allow the Defendant [father] his right of visitation and contact with his children." This conduct is cruel—to both the children and their father. This probably influenced the trial judge's decision. True, the father should pay his child support so the children have shelter and something to eat; she, too, owes some humanity: Fathers become disheartened when they cannot visit their flesh and blood. Children can be psychologically damaged when a parent is entirely cut out of their life. This case deserves a new hearing/new findings of fact and conclusions of law. Then, apropos to a new judicial setting, justice may be accomplished hereby.

