**Lewis L. METTLER, Plaintiff and Appellant,**

v.

**Myrl B. WILLIAMSON, Defendant and Appellee.**

No. 15878.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1988.

Decided June 15, 1988.

Stan H. Anker of Anker Law Office, Rapid City, for plaintiff and appellant.

Bryce A. Flint of Jackley & Flint, Sturgis, for defendant and appellee.

HENDERSON, Justice.

This appeal arises from a Judgment filed on May 26, 1987, in the circuit court of the Eighth Judicial Circuit after a court trial was held and formal findings of fact and conclusions of law were entered. For purposes of convenience and clarity, plaintiff/appellant shall be referred to as Mettler and defendant/appellee shall be referred to as Williamson.

Essentially, the trial court found in favor of Williamson and against Mettler on all of the factual issues, dismissing Mettler's complaint and holding it for naught. This complaint pleaded four theories, three sounding in tort and one a combination of tort/contract. We affirm.

Mettler leased a truck, trailer, and logloader from Williamson on January 20, 1984, by virtue of an Equipment Lease Agreement, designated as Plaintiff's Exhibit "1" received in evidence. According to the record, Mettler had a history of nonpayment, late payments, and tendering insufficient funds checks to Williamson for rental payments under the lease. Basically, the trial court bottomed its decision on default by Mettler. Mettler sued Williamson for (1) violation of fiduciary duty, (2) loss of profits, (3) fraud, and (4) breach of contract. Total amount of damages sought by Mettler exceeded $141,000 plus $2,500 in attorney fees because Williamson repossessed the leased equipment.

Mettler urges that Williamson waived his right to claim default; however, we note that he did not address waiver in his pleadings nor did he propose any findings of fact or conclusions of law regarding this defense. Hence, it cannot be raised here. *Mayrose v. Fendrich,* 347 N.W.2d 585, 586 (S.D.1984).

We note that the repossession of the equipment by Williamson was accomplished without a breach of the peace and under his rights specified in Plaintiff's Exhibit "1." The four theories for damages are succinctly met by Conclusion of Law 2 of the trial court: "The Plaintiff has not met his burden of proof and is not entitled to damages from Defendant." We have carefully reviewed the record and can find no clearly erroneous findings of fact nor mistakes of law. Our standard of review is to uphold the trial court unless its findings of fact are "clearly erroneous." A finding is "clearly erroneous" when after reviewing all of the evidence we are left with a definite and firm conviction that a mistake was made. *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Vaughn v. Eggleston,* 334 N.W.2d 870 (S.D.1983); *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970). The standard of review for findings of fact is clearly erroneous as opposed to mistake of law. We determine that no mistakes of law are contained in the trial court's conclusions of law. For standard of review on conclusions of law, *see Pullman–Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), cited with approval in *Permann v. South Dakota Dep't of Labor,* 411 N.W.2d 113, 118–19 (S.D.1987).

Affirmed.

All the Justices concur.