ZINTER, Justice
(concurring in result).
[¶ 20.] I respectfully disagree with the Court’s reasoning. There is a substantial difference between accrued obligations and past due payments; and SDCL 25-7-7.3 only prohibits retroactive modification of “past due support payments.” (Emphasis added.) The Court, however, reasons that it is “immaterial” that Douglas fully paid his support payments when due; i.e. that he had no past due support payments. Supra ¶ 8. In the Court’s view, the only relevant question is whether any support obligation “accrued.” Supra ¶ 8.
[¶ 21.] “[W]ords in a statute are to be understood in their ordinary sense,” In re W. River Elec. Ass’n, Inc., 2004 S.D. 11, *853 ¶ 21, 675 N.W.2d 222, 228 (citing SDCL 2-14-1), but the Court’s interpretation disregards the ordinary meaning of the words “past due payments.” It is illogical for the Court to interpret the statute such that an accrued obligation that is fully paid when due is a “past due payment” under SDCL 25-7-7.3. Not one of us would agree with the Court’s interpretation of “past due payments” in any other context. Imagine if another creditor, such as a bank or utility company, claimed that even though you had fully paid your monthly mortgage payment or utility bill when it was due, the “payment” was “past due.”
[¶22.] The plain, ordinary, and everyday meaning of the words “past due payments” is that the payments were not fully paid when due, such that there are arrear-ages. Douglas had no arrearages because he paid every support payment in full and on time. Therefore, he had no unmodifiable “past due support payments” within the meaning of SDCL 25-7-7.3. Because he had no past due support payments, the statute did not categorically bar consideration of Douglas’s claim that Nicole was unjustly enriched by retaining more child support than the divorce decree required.
[¶ 23.] The legislative history of SDCL 25-7-7.3 confirms this understanding of “past due support payments.” Prior to the enactment of SDCL 25-7-7.3, this Court repeatedly held that child support arrear-ages were modifiable. See, e.g., Hanson v. Hanson, 397 N.W.2d 656 (S.D.1986); Hoy v. Hoy, 391 N.W.2d 685 (S.D.1986); Forkel v. Forkel, 387 N.W.2d 52 (S.D.1986); Stach v. Stach, 369 N.W.2d 132 (S.D.1985); State ex rel. Larsgaard v. Larsgaard, 298 N.W.2d 381 (S.D.1980). “Arrearage^]” were defined as “the total amount of unpaid support obligations!!]” SDCL 25-7A-1(2). In apparent reaction to these cases culminating with Hanson in 1986, the 1987 Legislature enacted SDCL 25-7-7.3, “[a]n Act to prohibit retroactive modification of support arrearages.” 1987 S.D. Sess. Laws ch. 190 (emphasis added). Chapter 190 reflects that the new prohibition on modification of “past due support payments” in SDCL 25-7-7.3 was intended to prohibit modification of unpaid child support arrearages rather than fully paid or overpaid child support obligations. The statute was not intended to bar consideration of a claim where the obligor had no past due support payments and the obligor was claiming unjust enrichment because he or she had overpaid the obligation that was due.
[¶ 24.] To arrive at the opposite conclusion, the Court replaces the statutory words “past due support payments” with the words “accrued obligations.” See supra ¶ 8. But the text does not prohibit modification of “accrued obligations.”
[¶ 25.] Further, the majority’s sole focus on “accrued” obligations is rejected by the words that the Legislature did use. Accrual is an “accounting method that records entries of debits and credits when the revenue or liability arises, rather than when the income is received or an expense is paid.” Black’s Laiu Dictionary 22 (9th ed.2009). But SDCL 25-7-7.3 rejects the Court’s inquiry that focuses solely on “accrued” obligations because the statute makes no reference to when the liability arose. The statute’s language focuses only on whether the obligation was paid; i.e., whether there are “past due” support “payments.” By using the words “past due,” the Legislature required courts to consider whether there are unpaid support arrearages rather than whether any obligation for support had arisen. Ultimately, the majority writes the words “past due payments” out of the statute. But “[w]e presume the Legislature does not insert surplusage into its enactments.... [T]his [C]ourt will not construe a statute in a way *854 that renders parts to be •... surplusage.” Nielson v. AT & T Corp., 1999 S.D. 99, ¶ 16, 597 N.W.2d 434, 439.
[¶ 26.] The Court asserts that the words “accrued obligations” may be substituted for the words “past due payments” because the word “accruing” is found in the statute and all portions of the statute should be read together. See supra ¶¶ 8-11. The statute, however, only uses the word “accruing” in an exception to the rule against retroactive modification. The statute prohibits retroactive modification of “past due support payments ... except those accruing in any period in which there is a pending petition for modification.” SDCL 25-7-7.3 (emphasis added). Because “past due support payments” is the antecedent of the pronoun phrase “those accruing,” the words “those accruing” are a mere reference to “past due payments.” This reference in the exception does not purport to modify the meaning of “past due support payments” in the general prohibition on modifications. The reference in the exception certainly does not suggest that the Legislature intended the retroactive modification inquiry to focus on whether the obligor had “accrued obligations” rather than “past due support payments.”
[¶ 27.] The Court suggests that if “past due support payments” only encompass support obligations that are past due, then paid support obligations would be unmodifiable “even if made while a petition for modification was pending.” See supra ¶ 9. However, as we noted in Vellinga v. Vellinga, a circuit court has broad discretionary authority to retroactively modify all child support payments except those “past due support payments” governed by SDCL 25-7-7.3. 442 N.W.2d 472, 473 (S.D. 1989) (citing Larsgaard, 298 N.W.2d 381). Because SDCL 25-7-7.3 only prohibits modification of “past due” support payments, a circuit court retains authority to modify paid support obligations.
[¶ 28.] Today’s ease presents a question of first impression involving the interpretation of unambiguous language. The majority’s cases do not support its interpretation. The language taken from this Court’s past cases is dicta that should not be used to rewrite the plain meaning of the statutory language.
[¶ 29.] The concept of accrual originated in Vellinga, 442 N.W.2d 472. In that case, the obligor sought retroactive modification of his child support obligation after falling behind in his payments. Although SDCL 25-7-7.3 was enacted to prohibit certain retroactive modifications, the statute did not go into effect until after the obligor was already delinquent. Therefore, in disputing the total amount of his arrearages, the obligor argued that the Legislature did not intend for the statute to apply retroactively to support that had “accrued” before the effective date of the new statute. Vellinga, 442 N.W.2d at 474.
[¶ 30.] In dealing with the issue of the statute’s retroactivity, “accrual” was used by this Court to respond to the obligor’s argument. Using the obligor’s language, this Court held the Legislature intended that the statute would apply to “past due support payments which accrued” both before and after the statute’s effective date. Id.
[¶ 31.] This Court then applied the statute. Id. In doing so, this Court continued its use of accrual language, but it did so sua sponte. No party had argued that the new statute prohibited retroactive modification of “accrued obligations” rather than “past due payments.” The meaning of “past due payments” was not at issue. Therefore, the majority’s language from Vellinga is dictum that does not support today’s Court’s substitution of the words “accrued obligation” for the words *855 “past due payments.” Vellinga and its progeny[3] cannot be used to change the meaning of such clear statutory language.
[¶ 32.] It should also be noted that changing the plain meaning of “past due support payments” in SDCL 25-7-7.3 is not necessary to protect the obligee and the obligee’s children. The claim here is for the equitable remedy of unjust enrichment. Douglas would not be entitled to restitution for overpayments of support if restitution would be inequitable or if restitution were subject to an equitable defense. For example, Douglas would not be entitled to restitution to the extent the obligee and children detrimentally relied upon the support provided. See generally Restatement (Third) of Restitution & Unjust Enrichment § 65 (2011). Further, even if recovery of some overpayment were equitable, the circuit court would be required to fashion an equitable remedy other than reducing future payments that were needed for ongoing support of the children.
[¶ 33.] Although the Court improperly changes the clear and unambiguous meaning of “past due support payments,” the Court reaches the correct result for two reasons. First, Douglas’s divorce agreement and decree contained no “provision for a pro rata distribution of the obligation or an automatic reduction of support (consistent in amount with the guidelines) upon the occurrence of either event as each child attained it.” See O’Grady, 1998 S.D. 89, ¶ 15, 582 N.W.2d at 710. Without such a provision, “the full support continued to inure to the benefit of the remaining children.” Id. See also Radigan v. Radigan, 465 N.W.2d 483, 485 (S.D.1991) (concluding that no pro rata reduction was warranted under language that required support “until both children reach the age of majority”); Houser, 535 N.W.2d at 884 (concluding that no pro rata reduction was warranted under language that required support “until said children shall attain the age of majority”).
[¶ 34.] Douglas was also not entitled to relief because he introduced no evidence regarding the income of the parties at the time each child turned eighteen or graduated from high school. Without such a showing of factual entitlement to a lesser obligation under the applicable guidelines, Douglas was not entitled to a reduction of his previously ordered obligation. See O’Grady, 1998 S.D. 89, ¶ 31, 582 N.W.2d at 712 (Gilbertson, J., concurring) (noting that as “children either reach[] nineteen or graduated from high school, all other variables [are] not frozen in time,” and to re-calculate child support, the court must, at a minimum, have evidence of income of the parties on the date the child is no longer entitled to support).
[¶ 35.] For the foregoing reasons, I concur in result.

. The majority's other authorities simply repeated Vellinga's dictum without analysis in cases where the meaning of "past due support payments" was not at issue. See O'Grady v. O’Grady, 1998 S.D. 89, 582 N.W.2d 707; Houser v. Houser, 535 N.W.2d 882 (S.D.1995); Earley v. Earley, 484 N.W.2d 125 (S.D.1992).